**In re LANGSTON.**

[Cite as *In re Langston* (1997), 119 Ohio App.3d 1.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 1996 CA 00313.

Decided March 3, 1997.

*Sharon Danber Miller,* for appellant.

*Marylou Sekula,* for appellee.

FARMER, Judge.

On July 22, 1996, appellee, Joseph Langston, a juvenile, was charged with one count of conspiracy to commit aggravated robbery in violation of R.C. 2923.01 and one count of receiving stolen property in violation of R.C. 2913.51. On July 31, 1996, appellant, the state of Ohio, filed a motion for mandatory bindover to the adult criminal court pursuant to R.C. 2151.26(B). A probable cause hearing was held on August 8, 1996. On August 14, 1996, appellant filed a motion to amend the July 31, 1996 bindover motion to include firearm language.

By judgment entry filed September 6, 1996, the trial court found probable cause, but denied the motion for mandatory transfer. The trial court found that R.C. 2151.26(B) and Juv.R. 30 were in conflict, and set the matter for an amenability hearing pursuant to Juv.R. 30.

Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

"The trial court erred in its determination that a mandatory transfer pursuant to O.R.C. 2151.26 is procedural and thereby in conflict with Ohio Juvenile Rule 30."

Appellant claims that the trial court erred by failing to execute the mandatory transfer provision of R.C. 2151.26(B). We agree.

By judgment entry filed September 6, 1996, the trial court found that R.C. 2151.26(B) conflicted with Juv.R. 30 and therefore refused to bindover appellee after the probable cause hearing without first conducting an amenability hearing. Appellant filed an appeal after the denial of the mandatory bindover. Appellee challenged this appeal as not being an appeal of a final appealable order.

R.C. 2505.03(A) states in pertinent part, "[e]very final order, judgment, or decree *** may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction." "An order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met." *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus. R.C. 2505.02 states as follows:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified or reversed, with or without retrial."

Following the amenability hearing, the trial court bound over appellee wherein he pled on January 31, 1997. Although we concur with appellee the filing of the appeal was premature, it is now ripe for review.

What is troublesome about the appeal is why appellant did not follow the requirements of App.R. 5, since the matter now is a criminal case:

"Rule 5. Appeals by leave of court in criminal cases

"(B) Motion by Prosecution for Leave to Appeal.

"When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the errors that the movant claims occurred in the proceedings of the trial court. The motion shall be accompanied by affidavits, or by the parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and file a copy of the notice of appeal in the court of appeals. The movant also shall furnish a copy of the motion and a copy of the notice of appeal to the clerk of the court of appeals who shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the defendant who, within thirty days from the filing of the motion, may file affidavits, parts of the record, and brief or memorandum of law to refute the claims of the movant."

To compound this issue is the fact the trial court failed to conduct within ninety days a hearing under Juv.R. 30, a rule the trial court so vigorously defends. Appellee was arrested and placed in detention on July 22, 1996. The probable cause hearing was held on August 8, 1996, with the final hearing on December 23,

4

1996. It appears that the legal profession in concert with the trial court thwarted the prosecution of the case. As a consequence, the various actions of all the players have made them "the architect of his own continuous mortification." *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 424, 75 O.O.2d 474, 487, 350 N.E.2d 413, 428.

Because appellee was bound over and pled, this court could easily dismiss this appeal as untimely or moot as appellee's counsel suggests. However, we are loath to bury our heads in the sand on the serious question posed by this appeal. It is clear that the trial court will pursue this course of action in future bindovers and we may never be afforded the opportunity to review the trial court's decision. Although a case may be moot, this court may hear an appeal where the issues raised are "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. Interstate Commerce Comm.* (1911), 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310, 316. Because this case raises an important issue which is "capable of repetition, yet evading review," we conclude that it is not moot. *State ex rel. Plain Dealer Publishing Co. v. Barnes* (1988), 38 Ohio St.3d 165, 166, 527 N.E.2d 807, 809; *The Repository v. Unger* (1986), 28 Ohio St.3d 418, 420, 28 OBR 472, 474, 504 N.E.2d 37, 39–40.

The issue *sub judice* is whether R.C. 2151.26(B), requiring mandatory bindover after a probable cause finding, is in conflict with Juv.R. 30. By its very language, Juv.R. 30 is a discretionary rule:

"Rule 30. Relinquishment of jurisdiction for purposes of criminal prosecution

"(A) Preliminary Hearing. In any proceeding where the court *may* transfer a child fifteen or more years of age for prosecution as a adult, the court shall hold a preliminary hearing to determine if there is probable cause to believe that the child committed the act alleged and that the act alleged would be a felony if committed by an adult. The hearing may be upon motion of the court, the prosecuting attorney, or the child." (Emphasis added.)

Because the term "may" denotes a discretionary provision, Juv.R. 30 affects only discretionary bindovers and not those mandated by R .C. 2151.26(B). Since the bindover motion *sub judice* was filed under the "mandatory" transfer provisions of R.C. 2151.26, Juv.R. 30 is inapplicable.

We note that under Section 5(B), Article IV, Ohio Constitution, the legislature may not usurp the power of the rules of the Supreme Court of Ohio:

"The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. *** All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

■ When a matter involves a substantive right, the Supreme Court of Ohio defers to the legislature. The Supreme Court of Ohio in *Krause v. State* (1972), 31 Ohio St.2d 132, 145, 60 O.O.2d 100, 107, 285 N.E.2d 736, 744, defined "substantive" as follows:

"The word 'substantive,' as used in Section 5(B) of Article IV, is in contradistinction to the words 'adjective' or 'procedural' which pertain to the method of enforcing rights or obtaining redress. 'Substantive' means that body of law which creates, defines and regulates the rights of the parties. (See Black's Law Dictionary.) The word substantive refers to common law, statutory and constitutionally recognized rights."

The substantive right which is affected by R.C. 2151.26(B) is a juvenile's right to an amenability hearing prior to transfer to the adult criminal court "where there will be less emphasis on treatment and rehabilitation and where there will be no protection from the social stigma that attaches to an adult criminal conviction." *In re Cartham* (July 2, 1996), Franklin C.P. No. 96JU–05–5382, unreported, at 7. The *Cartham* court further stated:

"The legislature has the power to redefine the juvenile court's jurisdiction over certain minors and has exercised this power. Once the power to legislate on a subject is found to exist in the General Assembly, the wisdom, policy, and expediency of legislation is a matter wholly within the discretion of the legislature and is not a judicial question." (Citations omitted.)

The sole assignment of error is granted.

The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division, is hereby reversed.

*Judgment reversed.*

READER, P.J., and WILLIAM B. HOFFMAN, J., concur.