This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants Michael and Susan Haller ("the Hallers") have attempted to appeal from a decision of the Medina County Court of Common Pleas, granting summary judgment in favor of appellees Marjorie Schwartz ("Marjorie") and George Schwartz ("George"). We dismiss the appeal for lack of a final, appealable order.
On July 8, 1997, the Hallers filed a complaint in the Medina County Court of Common Pleas, naming Marjorie and George (Marjorie's son) as defendants. Marjorie and George answered the complaint and counterclaimed.
On March 3, 1998, the Hallers moved for leave to amend their complaint, adding appellee Laura Boedicker ("Laura"), Marjorie's daughter and George's sister, as a defendant and adding an additional count. The trial court granted leave, and the Hallers filed the amended complaint on March 19, 1998. Marjorie and George answered the amended complaint on April 6, 1998; the counterclaim was omitted. Service on Laura was perfected, but no answer was filed within the prescribed time period.
Meanwhile, on March 13, 1998, Marjorie and George filed a motion for summary judgment on the original complaint. The Hallers responded in opposition on April 22, 1998. The trial court denied the motion for summary judgment on May 6, 1998. However, the trial court did grant Marjorie and George leave to file a reply memorandum in support of the motion. The reply memorandum, which was filed on May 8, 1998, responded to the Hallers' memorandum and also addressed the additional count alleged in the amended complaint. The denial of summary judgment was then vacated that same day.
The Hallers moved for default judgment against Laura on May 6, 1998. On May 8, 1998, Laura moved for leave to file her answer instanter. The trial court granted leave, and Laura's answer was filed on May 11, 1998.
On May 19, 1998, the trial court granted Marjorie and George's motion for summary judgment. No language from Civ.R. 54(B) appeared in the order. The Hallers filed a notice of appeal from that decision.
We have jurisdiction only over final, appealable orders as defined in R.C. 2505.02. If an order is not final and appealable, we have no jurisdiction. Under Civ.R. 54(B), an order determining less than all claims against all parties may only be immediately appealed if the trial court finds that there is no just reason for delay. "An order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C.2505.02 are met." Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, syllabus.
In the case at bar, the trial court's order only resolved the claims against Marjorie and George by summary judgment. Laura did not move for summary judgment at any time. Therefore, the claims against Laura remain pending. Because the trial court's order resolves less than all claims against all parties, and no Civ.R. 54(B) language appears in the trial court's order, there is no final, appealable order in this case.
We do not have jurisdiction to hear the instant appeal. Accordingly, the appeal is dismissed.
Appeal dismissed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
 FOR THE COURT
SLABY, P.J.
WHITMORE, J.
CONCUR