Appellant, Crown Hill Development, Ltd., has attempted to appeal from an order of the Wayne County Court of Common Pleas granting summary judgment to the Appellees, Oliver and Barbara Eshenaur, on the issue of attorney's fees. Because Appellant has attempted to appeal from an order that is not final within the meaning of R.C. 2501.02 and Civ.R. 54(B), this appeal is dismissed.
This Court has jurisdiction to "review, affirm, modify, set aside, or reverse judgments or final orders[.]" R.C. 2501.02. An order of the trial court is final and appealable only if the requirements of both R.C. 2505.02 and, when applicable, Civ.R. 54(B) are met. Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, syllabus. Civ.R. 54(B) provides:
 When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
The parties indicate in their briefs that a settlement has been reached on all issues in this case with the exception of the attorney's fees. However, this alleged agreement has not been journalized and is not part of the record on this appeal. A judgment that has not been journalized is not a final order.Cleveland v. Trzebuckowski (1999), 85 Ohio St.3d 524, 526. Therefore, the granting of summary judgment on the issue of attorney's fees was determinative of only one claim within the case and other claims remain pending. Where there is a claim outstanding, the action is not determined, and consequently, the order regarding the payment of attorney's fees is not final. AmdoDev. Co., Inc. v. Woolpert Consultants (Jan. 29, 1993), Hamilton App. No. C-910951, 1993 Ohio App. LEXIS 524, at *9.
Although Civ.R. 54(B) permits adjudication of individual claims to be deemed final when the trial court certifies that no just reason for delay exists, no Civ.R. 54(B) language appears in the trial court's order. Because less than all claims have been resolved, and the trial court did not find that there was no just reason for delay, the trial court's order is not a final appealable order. See Chef Italiano Corp.v. Kent State Univ.,
44 Ohio St.3d at syllabus. Accordingly, this Court does not have jurisdiction to hear the instant appeal.
Appeal Dismissed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY
FOR THE COURT CARR, J.
WHITMORE, J.
CONCUR