CHEF ITALIANO CORPORATION, APPELLANT, *v.* KENT STATE UNIVERSITY ET AL., APPELLEES.

[Cite as Chef Italiano Corp. *v.* Kent State Univ. (1989), 44 Ohio St. 3d 86.]

(No. 88-53—Submitted February 15, 1989—Decided July 12, 1989.)

*Mark H. Heisa,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general; *Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A., Dennis R. Wilcox* and *Irene A. Holyk,* for appellee Kent State University.

*Williams, Zumkehr & Welser* and *Howard T. Welser,* for appellees Chris

S. Testa, Costco, Inc. and Colgate Enterprises.

*Harry A. Tipping Co., L.P.A.,* and *Thomas J. Freeman,* for appellees David Hall and Currie-Hall Investment Company.

DOUGLAS, J. The issue the parties present is whether a corporate officer not authorized to practice law has the authority to file a notice of appeal on behalf of the corporation.

While this presents an issue of first impression in this state which this court at some point should decide, we decline to do so in this case because we lack jurisdiction to hear this appeal on that issue.

The question of our jurisdiction to hear this appeal was not raised or briefed by any party. Nevertheless, we raise it on our own motion.

The jurisdictional issue in this case provides us with a perfect vehicle to speak about an ever-increasing problem of orders emanating from trial courts to the courts of appeals and to this court which are not final and appealable but which the originating court has attempted to render appealable by including the so-called magic language of "no just reason for delay" from Civ. R. 54(B).

In this case, we will address whether the September 4, 1987 and October 6, 1987 orders are final, appealable orders pursuant to R.C. 2505.02 and Civ. R. 54(B).

R.C. 2505.03(A) states, in relevant part, that "[e]very final order * * * may be reviewed on appeal * * *."

R.C. 2505.02[3] defines three types

---

[3] R.C. 2505.02 provides as follows:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial.

"When a court issues an order that vacates or sets aside a judgment or grants a

of final orders: (1) an order affecting a substantial right in an action which in effect determines the action and prevents a judgment; (2) an order affecting a substantial right made in a special proceeding or made upon summary application after judgment; or (3) an order vacating or setting aside a judgment or granting a new trial. In this case, we will only discuss the first type of final order, which is an order affecting a *substantial right* which *determines* an action and *prevents* a *judgment.*

A substantial right is a "* * * legal right entitled to enforcement and protection by law[.]" *In re Estate of Wyckoff* (1957), 166 Ohio St. 354, 358, 2 O.O. 2d 257, 260, 142 N.E. 2d 660, 664. A court order which deprives a person of a remedy which he would otherwise possess deprives that person of a substantial right.

To be final, an order must also determine an action and prevent a judgment. See *General Electric Supply Co.* v. *Warden Electric, Inc.* (1988), 38 Ohio St. 3d 378, 528 N.E. 2d 195, syllabus. Furthermore, a final order must also comply with Civ. R. 54(B), if applicable. See *Alexander* v. *Buckeye Pipe Line Co.* (1977), 49 Ohio St. 2d 158, 3 O.O. 3d 174, 359 N.E. 2d 702.

Civ. R. 54(B) provides in pertinent part:

"When *more than one claim* for relief is presented in an action * * * or when *multiple parties* are involved, the court may enter *final judgment* as to one or more but fewer than all of the claims or parties only upon an *express determination that there is no just reason for delay.* In the *absence of such determination,* any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than

all the parties shall *not terminate the action* as to any of the claims or parties, and the order * * * is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)

Civ. R. 54(B) applies to those situations where there is more than one claim for relief presented or multiple parties are involved in an action, and where the lower court has rendered a final judgment, pursuant to R.C. 2505.02, with respect to fewer than all of the parties or to fewer than all of the claims. The purposes of Civ. R. 54(B) are " '* * * to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals' * * * as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal * * *." (Citations omitted.) *Pokorny* v. *Tilby Dev. Co.* (1977), 52 Ohio St. 2d 183, 186, 6 O.O. 3d 416, 417, 370 N.E. 2d 738, 739-740.

An order of a court is a final, appealable order only if the requirements of both Civ. R. 54(B), if applicable, and R.C. 2505.02 are met.

In the case *sub judice,* both the September 4, 1987 and the October 6, 1987 orders, which dismissed the specific performance and quiet title claims, affected Chef Italiano's substantial rights pursuant to R.C. 2505.02. The orders prevented Chef Italiano from pursuing the remedy of specific performance and the action to quiet title.

However, the September 4, 1987 order, which dismissed two claims of Chef Italiano against Testa, though it included the Civ. R. 54(B) language

---

new trial, the court, upon the request of either party, shall state in the order the grounds upon which the new trial is granted or the judgment vacated or set aside."

"no just reason for delay," was *not* a final order. The order did not *determine* Chef Italiano's action against Testa because two of Chef Italiano's claims against Testa remained outstanding. These two claims are that Testa breached its fiduciary duty to Chef Italiano (Count III) and that Testa breached its real estate contract with Chef Italiano (Count IV). Furthermore, the September 4 partial order did not *prevent* Chef Italiano from obtaining a judgment against Testa on these two claims. Therefore, since the September 4 order did not determine Chef Italiano's claim and prevent it from obtaining a judgment against Testa, it is not a final, appealable order pursuant to R.C. 2505.02 regardless of the presence of Civ. R. 54(B) language.

It is unclear whether the September 4, 1987 order applies to Brokers. However, even if the order was meant to apply to Brokers, it is not a final, appealable order pursuant to R.C. 2505.02. If it applies, the order dismisses only two of Chef Italiano's three claims against Brokers. Since there is still a claim of damages for breach of fiduciary duty pending against Brokers, the September 4 order does not *determine* Chef Italiano's action against Brokers. Additionally, Chef Italiano is *not prevented* from obtaining a judgment against Brokers because it could still prevail on the breach of fiduciary duty claim. Accordingly, even if the September 4 order applies to Brokers, it is not a final order pursuant to R.C.

2505.02, regardless of its Civ. R. 54(B) language.

In the October 6, 1987 court order, the court dismissed Chef Italiano's only counts against Kent State.[4] Thus, Chef Italiano's action against Kent State was *determined* since no claims remained pending. Because no claims remained against Kent State, Chef Italiano was *prevented* from obtaining a judgment against Kent State. Thus, the October 6, 1987 order is a final order pursuant to R.C. 2505.02.

However, a trial court can enter a final, appealable order as to fewer than all of the claims or all of the parties in a multiple-claim or multiple-party action only upon an express determination that there is "no just reason for delay." *Whitaker-Merrell Co.* v. *Geupel Co.* (1972), 29 Ohio St. 2d 184, 58 O.O. 2d 399, 280 N.E. 2d 922, syllabus.

Since the October 6, 1987 judgment did not expressly determine that there is "no just reason for delay," the order, though final, is not appealable.

Thus, this case presents us with a multi-claim and multi-party action in which a trial court, by including Civ. R. 54(B) language, attempts to make an order (September 4, 1987) final and appealable when it is not *final* and, therefore, not appealable because it does not comply with R.C. 2505.02. Conversely, the October 6, 1987 order, as it applies to Kent State, does comport with R.C. 2505.02 but fails to meet the "no just reason for delay" requirement of Civ. R. 54(B). Thus, the October 6, 1987 order is likewise not

_____

[4] As previously indicated, even though the appeals from the September 4, 1987 and October 6, 1987 orders were consolidated by the court of appeals, only the September 4 order, C.A. No. 1904, was appealed to this court. Notwithstanding that C.A. No. 1911, the October 6 order, was not appealed to this court, our review of the record and, specifically, of the October 6 order indicates that it likewise is not final and appealable because it does not comply with Civ. R. 54(B). Therefore, for a complete understanding of the relationship between the statute and the rule, we also discuss the October 6 order.

appealable. While it is a final order pursuant to R.C. 2505.02, it is not appealable because it does not comply with Civ. R. 54(B).[5]

This case clearly shows the interrelationship between R.C. 2505.02 and Civ. R. 54(B) in a multi-claim and multi-party action. Since neither of the orders in this case is a final, appealable order, we are, as was, and is, the court of appeals, without jurisdiction to review these two orders. The court of appeals was correct in dismissing C.A. No. 1904, but should have done so on the basis that the order was not final and appealable. The resolution of the issue as to whether a non-lawyer officer of a corporation may file a notice of appeal on behalf of the corporation must wait until another day and another case properly presenting the issue to us.

In so ruling, we are not unmindful of the argument of Kent State that, in *any* event, it does not belong before this court and should be dismissed as a party defendant. We understand the contention of Kent State that it cannot, under any circumstances, be ordered to give specific performance to appellant as such relief is beyond its power to deliver. However, this matter must be finally determined in the trial court and the court of appeals before it would be ripe for our review.[6]

For the foregoing reasons, this appeal is dismissed. The case is remanded to the trial court for further proceedings not inconsistent with this opinion.

*Appeal dismissed.*

SWEENEY, J., concurs.

H. BROWN and RESNICK, JJ., concur in the syllabus and judgment.

H. BROWN, J., concurs separately.

WRIGHT, J., concurs in judgment only.

MOYER, C.J., and HOLMES, J., separately dissent.

H. BROWN, J., concurring. I agree with the analysis set forth by Chief Justice Moyer in his dissent and do not believe that this appeal should have been dismissed for want of a final appealable order.

My reason for concurrence, however, is grounded upon my view of the

---

[5] Accordingly, in a case which does *not* involve multiple parties or multiple claims, all the conditions (substantial right, determine the action, prevent a judgment) of R.C. 2505.02 must be met before the order becomes final and appealable. This is also true in a case which does not involve multiple parties but which does involve a number of claims or counts pled by the parties, and such claims or counts are so inextricably intertwined as to make the eventual relief sought the same even though the claims are pled separately. To such cases, Civ. R. 54(B) has no application.

When a case does legitimately have multiple claims or multiple parties and Civ. R. 54(B) could apply, the mandates of R.C. 2505.02 must be met before the requirements of the rule are addressed.

[6] It should also be noted that Civ. R. 54(B) contains other very important (and often ignored) language. When an action is not finally terminated as to any of the claims or parties, the order of the trial court "* * * is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Accordingly, it is conceivable that if this court or a court of appeals acts on the merits of an order of the trial court which is not final and appealable, notwithstanding the judgment of an appellate court, the trial court could still revise its previous judgment.

issue for which we granted review of this case. The issue which was briefed and argued to us involved a notice of appeal from the common pleas court, filed in the court of appeals by a corporation, represented by its president. The notice was neither prepared nor filed by an attorney. The court of appeals struck the notice from the file on the ground that it was invalid since it was not prepared by a lawyer. In my opinion the notice of appeal was sufficient to vest jurisdiction in the court of appeals. The document itself complied with the jurisdictional requirements of the law. There are interesting ramifications to the question of whether a legal document prepared by a layman has legal validity. Deeds, trusts, wills, and promissory notes come readily to mind as documents which are sometimes prepared by non-lawyers. I believe that a document does not necessarily forfeit legal validity simply because it is the product of the unauthorized practice of law. I wish that the full court could have addressed the issues which prompted us to grant jurisdiction.

I concur in the judgment solely because it essentially achieves the same result as I would have reached had we decided the case on its merits. By finding the absence of a final appealable order, we return jurisdiction to the common pleas court. The appellant, upon resolution of all the causes in its multi-pronged complaint, will have a right to appeal at that time if it so desires.

My concurrence in the syllabus reflects only that I believe it to be, in the abstract, a correct statement of the law.

MOYER, C.J., dissenting. I cannot concur in the opinion because parts of it could be construed to virtually eliminate an appeal pursuant to Civ. R. 54 (B). The lead opinion states that the September 4, 1987 order "was *not* a final order" because "[t]he order did not *determine* Chef Italiano's action against Testa because two of Chef Italiano's claims against Testa remained outstanding." The lead opinion further concludes that the two claims against Testa—breach of fiduciary duty and breach of a real estate contract with Chef Italiano—were not determined by the September 4 order, and the order therefore did not prevent Chef Italiano from obtaining a judgment against Testa. That language can lead to the conclusion that a trial court must dispose of all claims between the parties if the order is to be a final appealable order. That result is inconsistent with the plain language and purpose of Civ. R. 54(B).

The opinion produces a similar result in its disposition of the action against Brokers. The lead opinion concludes that even if the trial judge's order was meant to apply to Brokers, it is not a final appealable order pursuant to R.C. 2505.02 because it dismisses only two of Chef Italiano's three claims against Brokers and that "[s]ince there is still a claim of damages for breach of fiduciary duty pending against Brokers, the September 4 order does not *determine* Chef Italiano's action against Brokers."

Under Civ. R. 54(B) the order of the trial court does not need to determine the action, but only one or more of the multiple claims within the action, to be appealable.

For the foregoing reasons and because I believe we should have disposed of the substantive issue briefed and argued by counsel, I respectfully dissent.

HOLMES, J., dissenting. This matter was presented to this court on the merits, having been submitted for our

consideration and determination of a legal issue of first impression. All parties submitted briefs upon the merits and sought a legal pronouncement by this court. No questions were raised by the parties either by way of brief or oral argument as to the appealability of this case. This question of jurisdiction was raised *sua sponte* by this court.

A more reasonable interpretation of the pertinent Civil Rule here should lead this court to the conclusion that we have a reviewable issue before us, and thus we should proceed with a determination of the merits of the case.