## In re FETTERS.

[Cite as *In re Fetters* (1996), 110 Ohio App.3d 483.]

Court of Appeals of Ohio,
Twelfth District, Preble County.

No. CA95–08–019.

Decided April 22, 1996.

*Rebecca Ferguson*, Preble County Prosecuting Attorney, and *Michelle L. Gramza*, Assistant Prosecuting Attorney, for appellee, Preble County Children Services Board.

*Ronald Lee Fetters* and *Tamisha Ann Fetters, pro se.*

KOEHLER, Judge.

Appellants, Ronald and Tamisha Fetters, appeal a decision of the Preble County Court of Common Pleas, Juvenile Division, dismissing appellants' complaint alleging that their daughter Shawnee was a neglected child while in foster care placement by the Preble County Children Services Board ("PCCSB"). We reverse and remand.

Shawnee was diagnosed shortly after birth with moderate to severe gastral reflux, a condition where the esophagus does not close properly and can allow food to reenter, causing choking. The condition necessitated that Shawnee wear an apnea heart monitor while sleeping or when she was not being held. The Fetters were trained in monitor usage, proper wake-up techniques, infant CPR, and obstruction removal in order to manage Shawnee's condition.

Shawnee, currently eighteen months old, was removed from appellants' home by PCCSB via a court order filed March 30, 1995. Appellants' five older children had already been removed. All six children were placed in the temporary custody of PCCSB in June 1995 by an agreed entry. Appellants admitted to dependency pursuant to R.C. 2151.04(A), which specifies a lack of "proper care or support, through no fault of [the] parents." PCCSB established a case plan with a goal of reunification, and the children were placed in foster care subject to supervised visitation with appellants.

On April 20, 1995, after the children had been removed but prior to the temporary custody order, appellants arrived at PCCSB for their supervised visitation with the children. Appellants observed caseworker Christa Marsh arrive with Shawnee in her car. Once inside the building, appellants observed that Shawnee's heart monitor had a low heart alarm which had not been reset. When appellants asked Marsh about the alarm, Marsh allegedly indicated that she didn't know anything about it, nor was she trained in infant CPR or monitor usage.

Appellants also state that the two cords connected to the monitor were reversed, the monitor patches were incorrectly placed, and there were approximately three inches of space between the belt and Shawnee's chest. When questioned by appellants, Marsh allegedly indicated that the company which maintains the recordings from the monitor had not been contacted by PCCSB. This entire incident was recorded on videotape by appellant Ronald Fetters.

On April 21, 1995, appellants were advised that Shawnee had been taken to the hospital due to problems with her apnea monitor. Appellants called the hospital and spoke with Shawnee's foster mother. Appellants state that when they asked

the foster mother if she was aware that rice cereal was to be put in Shawnee's baby formula by doctor's orders, the foster mother said she was not aware of that. The foster mother is also alleged to have said that she was not aware that the head of Shawnee's bed was to be raised and was not aware that the white heart monitor lead was to be connected on the baby's right side.

Appellants filed a complaint as a result of these incidents, alleging that Shawnee was a neglected child and requested that Shawnee be removed from foster care and placed back with PCCSB or with appellants. PCCSB filed a motion to dismiss appellants' complaint, alleging that the complaint failed to meet Juv.R. 10(B) requirements because it contained an incorrect numerical statutory reference.

PCCSB pointed to the fact that although the complaint is one in neglect, the complaint states that the conduct of PCCSB and the foster parent in regard to Shawnee's medical condition violated R.C. 2151.04(D)(1) and (2), which is a dependency statute. The trial court, by a June 21, 1995 entry, granted PCCSB's motion to dismiss pursuant to Juv.R. 10(B). Appellants appeal *pro se* from that entry, assigning the following as error:

"The trial court erred in denying the return of Shawnee Autumn Alexis Dawn Fetters to her natural parents, in that the child had not been adopted and that the state failed to show by clear evidence that it would not be in the child's best interest to be returned to her natural parents. Furthermore, the father testified as to the parents' ability and desire to care for this child and denying the return was against the manifest weight of evidence presented at the hearing which was a conflict with parental rights and clearly arbitrary and capricious and resulted in abuse of discretion."

As an initial matter we must address appellee's challenge to this court's jurisdiction over the appeal. Appellee states that although the trial court's dismissal of appellants' complaint was proper, "the dismissal of the complaint did not leave the appellants without further recourse in the Juvenile Court. As the appellants have not exhausted their lower court remedies, they are not properly before this Court."

The trial court denied appellants' oral motion to amend the complaint and filed an entry dismissing appellants' complaint and allocating court costs. We conclude from a review of the record that there is no pending unresolved claim as to this action, and the entry appealed from constitutes a final appealable order which dismissed the entire action. See *Chef Italiano v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64, 67. This court therefore has jurisdiction over the appeal.

Appellants' *pro se* brief, although inartfully drafted, does state the argument that the trial court erred in denying the return of Shawnee. The independent issue of whether Shawnee should remain in her present foster care, apart from a disposition as to the other children, was raised in appellants' April 1995 complaint alleging that Shawnee has suffered neglect at the hands of her foster mother and caseworker Christa Marsh.

The trial court granted appellee's motion to dismiss the complaint because the complaint, although clearly stating neglect on its face and acknowledged by appellee as alleging neglect, contained a numerical reference to R.C. 2151.04(D)(1) and (2), which is a dependency statute. Appellee cites Juv.R. 10(B)(1), which requires that a complaint "(1) [s]tate in ordinary and concise language the essential facts that bring the proceeding within the jurisdiction of the court, and in juvenile traffic offense and delinquency proceedings, shall contain the numerical designation of the statute or ordinance alleged to have been violated."

We note that as appellants are proceeding *pro se*, their filings will be construed liberally by this court. See *State ex rel. Reque v. Clark* (July 27, 1992), Brown App. No. CA91–02–005, unreported, 1992 WL 176459.

Juv.R. 10(B) does not require that a complaint include a numerical statutory designation except in a juvenile traffic or delinquency proceeding. See *In re Vanek* (Sept. 29, 1995), Ashtabula App. No. 95–A–0027, unreported, 1995 WL 787429. When the motion to dismiss was heard, appellants acknowledged the incorrect statutory designation and indicated that they were in fact proceeding under R.C. 2151.03(A)(3), which defines a neglected child.[1] The trial court still denied appellants' oral motion to amend and dismissed the complaint.

Our focus here is one of substance over form. In spite of the statutory citation inconsistent with the facts as pleaded, the action is described in the complaint as one for neglect, and the facts make out a claim for neglect. See *Reque*, Brown App. No. CA91–02–005, unreported, 1992 WL 176459 (where *pro se* relator mistakenly attempted to proceed under the federal Freedom of Information Act, court construed the petition liberally as alleging a violation of the Ohio Public Records Act). The record does not disclose any legal prejudice to appellee by appellants' use of the wrong statute number, and in fact appellee describes the complaint as one for neglect.

---

1. R.C. 2151.03(A)(3) includes in the term "neglected child" a child "whose parents, guardian, or custodian neglects *or* refuses to provide him with proper or necessary * * * medical * * * care or treatment, or other care necessary to his health, morals, or well being." (Emphasis added.)

The complaint demonstrates a good faith effort on the part of appellants to comply with the rules and adequately notified PCCSB of the claim appellants intended to assert. See *In re Sims* (1983), 13 Ohio App.3d 37, 42–43, 13 OBR 40, 45–47, 468 N.E.2d 111, 117–119 (in an action involving the possible severance of custody rights, the respondent to the complaint is entitled to be apprised of the basis of the claim).

The correction of mistaken section numbers is within the sound discretion of the trial court. *State v. Hill* (Dec. 28, 1976), Franklin App. No. 76AP–504, unreported. It is our determination that the trial court's dismissal of appellants' complaint instead of providing appellants with an opportunity to cure the defect was not a valid exercise of the court's discretion. We therefore reverse the trial court's dismissal of appellants' complaint and remand the cause for further proceedings as provided by law.

*Judgment reversed*
*and cause remanded.*

WALSH, P.J., and POWELL, J., concur.