DECISION AND JUDGMENT ENTRY
Plaintiff-appellee, Christine Holman, has filed a motion to dismiss the appeals filed by intervenor-appellant, West American Insurance Company, and defendant-appellant, Willie Keegan. West American and Keegan have each filed a memoranda in opposition to the motion to dismiss and Holman has filed a reply. For the reasons that follow, we find the motion to dismiss to be not well-taken.
This case stems from a fatal accident at Fremont Speedway in which Michael Holman was killed when a race car driven by Willie Keegan went out of control and struck Holman. Keegan had no automobile insurance at the time of the accident, but Holman had an insurance policy with West American that contained uninsured motorist coverage. Following her husband's death, Christine Holman filed a complaint against Keegan and West American intervened. Eventually, a trial to the court was held and, on September 9, 1999, a judgment was rendered against Keegan in plaintiff's favor for a total of over $2 million. This judgment was journalized on September 10, 1999. On October 8, 1999, Keegan and West American each filed a timely notice of appeal from the judgment.
Following this judgment, Christine Holman filed a motion for prejudgment interest and a motion for leave to amend her complaint. On September 23, 1999, the trial court granted the motion for leave to amend the complaint and a crossclaim against West American was filed by Christine Holman.
In her motion to dismiss this appeal from the September 9, 1999 judgment, Christine Holman argues that since there are issues still pending in the trial court, namely the prejudgment interest motion and the crossclaim against West American, that the judgment following trial is not final and appealable because it does not contain a Civ.R. 54 (B) certification that there is no just reason for delay and because "[i]n the order appealed from, the [trial] court expressly found that other issues remained to be decided." A reading of the September 10, 1999 judgment entry from which this appeal is taken shows that no such finding is contained in that document[1].
West American and Keegan each filed a memorandum in opposition to the motion to dismiss. They argue that Civ.R. 54 (B) is not applicable to the September 10, 1999 judgment entry because at the time it was rendered, no further issues remained for the trial court to decide. Both parties also argue that the verdict is final pursuant to R.C. 2505.03 and make distinctions between a "judgment" referred to in R.C. 2505.03 and a "final order" referred to in R.C. 2505.02. We find that whether a document is labeled an order or a judgment is not material to a determination of whether it is "final" or not. It is clear that to be final, the order or judgment must comply with R.C. 2505.02 and Civ.R. 54 (B), if applicable. See Chef Italiano Corp. v. Kent State Univ.
(1989), 44 Ohio St.3d 86.
This court finds that the September 10, 1999 judgment is final pursuant to R.C. 2505.02 (B)(1), which states:
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;"
The judgment determined all the remaining issues before the trial court, entered judgment in plaintiff's favor, and awarded damages in a specified amount. There was nothing left for the court to do at that point. The order determined the action and prevented a judgment as to all issues then before it.
Further, we agree with West American and Keegan that Civ.R. 54 (B) does not apply to the September 10, 1999 judgment. This rule states:
 "Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
We find that Civ.R. 54 (B) is not applicable since at the time the September 10, 1999 judgment was issued, there were no other claims or issues pending in the trial court in this case. Both the motion for prejudgment interest and the amended compliant were filed after the judgment on the verdict. The trial court judge would have had no reason to make a finding that there is "no just reason for delay" on September 10, 1999 since nothing further remained to be determined.
Accordingly, the motion to dismiss is denied.
 _______________________________ Peter M. Handwork, P.J.
 _______________________________ Melvin L. Resnick, J.
 _______________________________ Richard W. Knepper, J.
CONCUR.
[1] Apparently Holman is referring to a judgment entered by the trial court in response to a motion filed, after the verdict, by West American for a "specific determination that the court's verdict is a final appealable order." On October 5, 1999 the trial court denied that motion and held that the "9/9/99 verdict and order is not final and appealable as unresolved issues and claims remain."