This is an appeal and a cross-appeal from summary judgments rendered to plaintiff Michael Kostohryz against defendants National Association of College Stores, Inc. ("NACS") and Aetna Casualty and Surety Company ("Aetna"). For the reasons that follow, we find we lack a final, appealable order and dismiss the appeal.
Plaintiff filed this action after he and his family were seriously injured in a car accident caused by another driver. Plaintiff settled with the driver of the car and her insurance company for the limits of her policy, but those proceeds did not cover all the damages plaintiff and his family sustained. As relevant to this appeal, plaintiff also sued his employer, NACS and NACS's insurer, Aetna. NACS carried a commercial automobile policy with Aetna which contained an endorsement that amended the definition of an insured to state, "an employee of yours is an `insured' while using a covered `auto' you don't own, hire or borrow in your business and personal affairs." Even though plaintiff had not been working (the accident occurred on a Sunday, while he and his family were on an excursion) and was driving his personal automobile at the time of his accident, he claimed that as an employee of NACS he fell within the NACS policy as an "insured" in a way that would entitle him to collect underinsured motorists benefits. Plaintiff also sought to collect proceeds under an umbrella policy carried by NACS. Plaintiff also asked the court to declare that Aetna had no right of set-off to any funds he received from the driver of the automobile that struck him and his family. Finally, plaintiff asked the court to grant him prejudgment interest and attorney fees.
All parties filed motions for summary judgment on the matter: plaintiff asked the court to render judgment on his complaint; Aetna asked for summary judgment on grounds that plaintiff was not an insured under the commercial policy issued to NACS. The court issued the following journal entry:
 * * * Deft's motion for Summary Judgment filed 6-1-98 is hereby denied; Plaintiff's Motion for Summary Judgment filed 6-1-98 is hereby granted whereby AETNA must provide U/M coverage to plaintiffs as insured under the policy provided to NACS in the amount of one million ($1,000,000.) Thus, pursuant to the terms of the NACS policy w/ Deft's, this matter shall be arbitrated absent resolution and thus this court no longer has jurisdiction.
In a separate order, the court denied plaintiff's motion for prejudgment interest.
Aetna appealed that portion of the court's judgment which found plaintiff qualified as an insured under the NACS policy. Plaintiff cross-appealed, claiming the court erred by failing to make any disposition of the set-off issue and the umbrella policy. Plaintiff also filed a separate appeal complaining that the court erred by failing to award him prejudgment interest. We consolidated all appeals.
We lack a final, appealable order because the court failed to address all the claims for relief set forth in the complaint; namely, the claim for coverage under the umbrella policy. Count 12 of the complaint specifically averred that "plaintiffs believe and therefore aver that Defendant NACS has an umbrella insurance policy with Defendant Aetna, which would provide coverage to Plaintiffs for their injuries * * *."
Civ.R. 54(B) states that the court may enter final judgment as to one or more but fewer than all of the claims of the parties only upon a determination that there is no just reason for delay. A failure to include the no just reason for delay language in cases where the court does not adjudicate all of the claims prevents a final appealable order under R.C. 2505.02. ChefItaliano Corp. v. Kent State University (1989), 44 Ohio St.3d 86. syllabus ("[a]n order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met."). Because the court did not determine the claim under the umbrella policy or include language determining that there was no just reason for delay, we find there is no final, appealable order and we lack jurisdiction to hear the appeal.
Appeal dismissed.
It is ordered that appellees recover of appellants their costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, J., KENNETH A. ROCCO, J., CONCUR.
JOHN T. PATTON, PRESIDING JUDGE