DECISION AND JOURNAL ENTRY
Appellants, Buchtel Foods, Inc. and Edward Davidian, have attempted to appeal from an order of the Summit County Court of Common Pleas granting summary judgment to the Appellees, Richard Allison and Swallen, Lawhun, Hubbard Abraham, Inc. Because Appellants have attempted to appeal from an order that is not final within the meaning of R.C. 2501.02 and Civ.R. 54(B), this appeal is dismissed.
On March 6, 1995, Appellants filed a complaint against Appellees alleging that Appellees had committed professional negligence through their acts and omissions in their capacity as outside accountants. Appellant, Edward Davidian, also alleged that he personally suffered emotional and economic distress as a result of Appellees' negligence. On May 31, 1995, Appellees answered the complaint and filed a counterclaim against Appellants seeking payment for the services rendered to Appellants. On April 16, 1998, following an extended and tortuous discovery process, Appellees moved for summary judgment on all claims against them arguing that the claims were time-barred. The trial court granted Appellees summary judgment on the claim of emotional distress, but denied their motion on the remaining claims. On November 30, 1998, Appellees moved the court to reconsider their motion for summary judgment. Upon review of the law regarding the statute of limitations for claims of professional negligence, the trial court granted summary judgment to Appellees on all claims against them. The counterclaim was never disposed of by the trial court.
This Court has jurisdiction to "review, affirm, modify, set aside, or reverse judgments or final orders[.]" R.C. 2501.02. An order of the trial court is final and appealable only if the requirements of both R.C. 2505.02 and, when applicable, Civ.R. 54(B) are met. Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, syllabus. Civ.R. 54(B) provides:
 When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
The trial court granted summary judgment on all claims against Appellees, but failed to dispose of the counterclaim Appellees filed against Appellants. Although Civ.R. 54(B) permits adjudication of individual claims to be deemed final when the trial court certifies that no just reason for delay exists, no Civ.R. 54(B) language appears in the trial court's order. Because less than all claims have been resolved, and the trial court did not find that there was no just reason for delay, the trial court's order is not a final appealable order. See Chef ItalianoCorp.v. Kent State Univ., 44 Ohio St.3d at syllabus. Accordingly, this Court does not have jurisdiction to hear the instant appeal.
Appeal Dismissed.
 KK
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
LYNN C. SLABY, FOR THE COURT
BAIRD, P.J. and CARR, J. CONCUR