The Summit County Court of Common Pleas ordered Chrysler Corporation to pay William Davis $17,722.89 for the attorney's fees and costs he incurred in connection with his "lemon law" claim against Chrysler and Ray Thomas, Inc. Chrysler has attempted to appeal from the judgment against it.
Davis filed a complaint against Chrysler and Ray Thomas, claiming that the car he bought from Ray Thomas was a "lemon." The complaint sought "compensatory and statutory damages * * * [and] attorney fees and the cost of this action and * * * such other relief as may be just and proper" jointly and severally from both parties. Both parties answered. The attorney for Ray Thomas withdrew during the prosecution of the case below. With the permission of the court, the attorney for Chrysler thereafter represented both defendants.
Both defendants moved to enforce a settlement agreement they claimed had been reached with Davis. The court held an evidentiary hearing in response to what it characterized as Defendant Chrysler's motion. Following that hearing, the trial court ruled that "[t]he settlement terms are that Defendant Chrysler Corporation will provide a new model Chrysler vehicle with full warranties to the Plaintiff in satisfaction of his claim for compensatory damages," as agreed to by "both" parties. The court ordered the parties to either agree to binding arbitration or to move for an evidentiary hearing to determine reasonable attorney's fees within thirty days. Davis subsequently moved "for an [o]rder requiring Defendants to pay Plaintiff's reasonable attorney fees." Following two hearings, the trial court "adopt[ed] the settlement terms as agreed by the parties in open court as the final judgment herein." It "further grant[ed] judgment to Plaintiff William P. Davis and against Defendant Chrylser [sic] Corporation in the amount of $17,722.89 for attorney fees and costs," and ordered the "Defendant" to pay court costs.
Davis filed a complaint against both Ray Thomas and Chrysler. The judgment, which ordered Chrysler to pay attorney fees and incorporated the terms of the settlement agreement between Davis and Chrysler on the underlying claim, completely disposed of the claims against Chrysler. Davis made the same claims jointly and severally against Ray Thomas. Neither order resolves those claims. Because the judgment does not dispose of all the claims between all the parties, and does not contain an express determination that there is no just reason for delay, see Civ.R. 54(B), it is not a final, appealable order. Civ. R. 54(B), ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus. As such, this court does not have jurisdiction to hear the appeal. The appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _____________________________________ WILLIAM R. BAIRD FOR THE COURT
SLABY, J. and BATCHELDER, J. CONCUR.