DECISION AND JOURNAL ENTRY
Appellant, Stephen Mianowski, has appealed from the order of the Summit County Court of Common Pleas dismissing Appellant's claim against Richard Honeck. Because Appellant has attempted to appeal from an order that is not final within the meaning of R.C.2501.02 and Civ.R. 54(B), this appeal is dismissed.
On December 9, 1998, Appellant filed a complaint against Appellees, Mitsuko Mianowski, Richard Honeck, and Hubert Senne. In the complaint Appellant alleged that Mitsuko Mianowski had concealed, embezzled, and/or conveyed away the assets of a trust of which Mitsuko Mianowski and Appellant were co-beneficiaries. Appellant further alleged that Richard Honeck and Hubert Senne had aided, abetted, and/or conspired with Mitsuko Mianowski in committing such actions. Following a Civ.R. 12(B)(6) motion by Richard Honeck, the complaint against him was dismissed for failure to state a claim upon which relief can be granted. The claims against the other parties were never resolved. Appellant has attempted to appeal from the dismissal of Richard Honeck.
This court has jurisdiction to "review, affirm, modify, set aside, or reverse judgments or final orders[.]" R.C. 2501.02. An order of the trial court is final and appealable only if the requirements of both R.C. 2505.02 and, when applicable, Civ.R. 54(B) are met. Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, syllabus. Civ.R. 54(B) provides:
 When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
The trial court dismissed Richard Honeck, but failed to dispose of the outstanding claims against Mitsuko Mianowski and Hubert Senne. Although Civ.R. 54(B) permits adjudication of individual claims to be deemed final when the trial court certifies that no just reason for delay exists, no Civ.R. 54(B) language appears in the trial court's order. Because less than all claims have been resolved, and the trial court did not find that there was no just reason for delay, the trial court's order is not a final appealable order. SeeChef Italiano Corp.v. Kent State Univ., 44 Ohio St. 3d at syllabus. Accordingly, this court does not have jurisdiction to hear the instant appeal.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant. Exceptions.
 ____________________________ LYNN C. SLABY, FOR THE COURT.
BAIRD, P.J. and CARR, J. CONCUR.