[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND FINAL JUDGMENT ENTRY
This matter came to be considered upon the filing of appellant's June 21, 2000 response to this court's June 7, 2000 order requiring appellant to show cause why this matter should not be dismissed for lack of a final appealable order pursuant to R.C.2505.02 and Civ.R. 54(B)., Appellant has appealed the trial court's March 22, 2000 decision granting defendant Progressive Casualty Insurance Company's motion for summary judgment. The entry granting summary judgment does not contain Civ.R. 54(B) certification language. Review of the trial court docket reveals that Progressive was one of three defendants in the underlying action.
The Ohio Supreme Court has ruled that in addition to satisfying the requirements of one of the categories of a final appealable order described in R.C. 2505.02(B), an order resolving fewer than all the claims or the rights and liabilities of fewer than all the parties must satisfy the requirements of Civ.R. 54(B) by containing express determination that "there is no just reason for delay" to qualify as a final appealable order. ChefItaliano Corp. v. Kent State University (1989), 44 Ohio St.3d 86, syllabus.
Civ.R. 54(B) provides as follows:
 When more than one claim for relief is presented in an action, * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
In response to this court's show cause order, appellant asserts that the order under appeal is final because, in light of a June 20, 2000 Agreed Dismissal Entry, plaintiff's claim against Progressive and its insured, co-defendant Sharon E. Wilson, are resolved. However, appellant has not addressed the fact that a claim remains pending against co-defendant Lawrence Brody.
Because a claim is pending against co-defendant Lawrence Brody, the trial court's March 22, 2000 summary judgment ruling, that does not resolve all pending claims and does not contain Civ.R. 54(B) certification, is not a final appealable order in accordance with R.C. 2505.02 and Civ.R. 54(B).
WHEREFORE, upon due consideration IT IS HEREBY ORDERED that this appeal is dismissed for lack of a final appealable order.
IT IS SO ORDERED.
 ______________________ PER CURIAM
WILLIAM H. WOLFF, JR., MIKE FAIN, FREDERICK N. YOUNG, Judges.