OPINION
In this accelerated calendar case, appellant, Stuart J. Graines, Trustee, appeals from the judgment of the Lake County Court of Common Pleas entered on March 23, 2000. The trial court granted appellee's, Y.D.C. Corporation, Inc. ("Y.D.C."), motion for partial summary judgment. Appellant's lawsuit consisted of two claims. The trial court's judgment only disposed of the second claim. Although the first claim was not addressed, the trial court indicated the judgment entry was a final appealable order pursuant to Civ.R. 54(B), by expressly finding "there is no just cause for delay." The following facts are relevant to a determination of this appeal.
Y.D.C. became a commercial tenant of appellant in 1984. In May of 1997, Y.D.C. exercised its option to extend its lease for a three-year term, beginning on July 1, 1997, and ending on June 30, 2000. Appellant's complaint alleges that in October of 1998, Y.D.C. defaulted on its rent payments. By the end of November of 1998, Y.D.C. had vacated the premises and appellant was in possession. Appellant filed suit on December 14, 1998. In the first claim, appellant sought the payment of rent and various fees and costs for the months of October, November, and December of 1998, (approximately $5,000). In the second claim, appellant sought compensation according to the terms of Section 38(D) of the parties' lease agreement. This section contained an acceleration clause. Appellant sought payment of rent under this clause through June 30, 2000, the balance of the lease term (approximately $30,000). Aside from the second claim, which sought payment of the rent for the entire balance of the lease term, appellant did not file a claim seeking payment of any rent due for the period between January of 1999, and the date upon which it procured a new rent-paying tenant.
The acceleration clause did not require appellant to mitigate his damages. Y.D.C. filed a motion for partial summary judgment, asking the court to find the acceleration clause invalid as a matter of law on the grounds that such clauses are only valid when they provide that the lessor must mitigate (lessor's) damages. On the authority of this court's holding in Tokai Financial Services, Inc. v. Mathews, Gallovic,Granito Co. (Nov. 24, 1995), Lake App. No. 95-L-098, unreported, the trial court found the acceleration clause was invalid. The trial court granted Y.D.C.'s motion for summary judgment. The trial court included in its judgment entry the Civ.R. 54(B) language "there is no just cause for delay," apparently creating a final appealable order. From this judgment, appellant timely filed notice of appeal.
As an entry-level question, we must address the issue of whether this judgment constitutes a final appealable order. The phrase "no just reason for delay" is not a mystical incantation that transforms a non-final order into a final appealable order. Chef Italiano Corp. v.Kent State Univ. (1989), 44 Ohio St.3d 86. The Supreme Court of Ohio has set forth a two pronged analysis appellate courts should apply in determining whether an order constitutes a final appealable order under Civ.R. 54. See Wisintainer v. Elcen Power Strut Co. (1993),67 Ohio St.3d 352. In short, first a court must determine if the order constitutes a final order as defined by R.C. 2505.02, and secondly, whether the trial court's designation that "there is no just cause for delay" was appropriate. Id. at 354. With respect to the second prong, the Supreme Court held that, "[f]or purposes of Civ.R. 54(B) certification, in deciding that there is no just reason for delay, the trial judge makes what is essentially a factual determination — whether an interlocutory appeal is consistent with the interests of sound judicial administration." Id. at paragraph one of syllabus. Secondly, the court directed that, "[w]here the record indicates that the interests of sound judicial administration could be served by a finding of `no just reason for delay,' the trial court's certification determination must stand." (Emphasis added). Id. at paragraph two of syllabus. The Supreme Court indicated that appellate review of these determinations should be deferential, stating:
 "In making its factual determination that the interest of sound judicial administration is best served by allowing an immediate appeal, the trial court is entitled to the same presumption of correctness that it is accorded regarding other factual findings. An appellate court should not substitute its judgment for that of the trial court where some competent and credible evidence supports the trial court's factual findings. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77." (Parallel citations omitted.) Id. at 355.
 The Supreme Court indicated that the avoidance of piecemeal trials is more important than the avoidance of piecemeal appeals. Id. Applying this standard to the present case, although we may have reached a different conclusion, we defer to the finding of the trial court.
However, the order appealed from is not a "final" order as defined by R.C. 2505.02. In applying R.C. 2505.02, the Supreme Court indicated that "[t]he reviewing court should concentrate on answering that predominantly legal question of whether the order sought to be appealed affects a substantial right and whether it in effect determines an action and prevents a judgment." Wisintainer, at 354. In the instant matter, this is exactly the appropriate question, because, if it is a final order, it is so under R.C. 2505.02(B)(1).
In determining whether the order determines an action and prevents a judgment, the question is whether, in light of the order, the plaintiff may still obtain a judgment in the matter against the defendant. Id. at 355. While the trial court's judgment voided appellant's acceleration clause, it did not in fact prevent a judgment in favor of appellant under other valid remedies. Thus, the trial court's judgment entry of March 23, 2000, was not a final appealable order under R.C. 2505.02. Therefore, the appeal is dismissed as this court is without jurisdiction to consider the matter at this time.
_____________________________________ PRESIDING JUDGE WILLIAM M. O'NEILL
CHRISTLEY, J., concurs, GRENDELL, J., dissents with Dissenting Opinion.