JOURNAL ENTRY AND OPINION.
{¶ 1} In this wrongful death action, appellant Beverly M. Mayor, individually and as administratrix of the Estate of Anthony N. Mayor, sued more than 30 defendants seeking recovery for the death of her husband ("decedent") due to a malignant brain tumor. Appellant alleged that decedent's death resulted from his occupational exposure to vinyl chloride and products containing vinyl chloride at and around the facilities of Ford Motor Company in Michigan. Appellant further alleged that defendants-appellees were the manufacturers and suppliers of the vinyl chloride to which her decedent was exposed.
 {¶ 2} Appellant asserted claims for employer intentional tort against Ford Motor Company and breach of duty to warn, strict liability, product liability, fraud and civil conspiracy against all defendants. Appellant's civil conspiracy claim alleged that defendants conspired to misrepresent and/or conceal material facts about the nature and extent of risks of vinyl chloride and vinyl chloride-containing products from workers.
 {¶ 3} Defendants-appellees, Goodrich Corporation (f/k/a The B.F. Goodrich Company) and PolyOne Corporation (f/k/a The Geon Company) moved to dismiss the complaint, as did defendant-appellee Ethyl Corporation, arguing that appellant's action was time-barred.[1] Most, but not all, of the defendants filed notices of joinder in the motions filed by Goodrich, PolyOne and Ethyl. On September 6, 2002, the trial court granted the motions to dismiss "based upon the statute of limitations grounds." The trial court declared the other motions to dismiss moot and dismissed the case.
 {¶ 4} Appellant timely appealed, asserting that the trial court erred in dismissing her complaint because her complaint was timely filed. We must dismiss, however, for lack of a final appealable order.
 {¶ 5} Section 3(B)2), Article IV of the Ohio Constitution, provides that "an appellate court shall have such jurisdiction as may be provided by law to review and affirm, modify or reverse judgment or final orders of the courts of record inferior to the court of appeals." To this end, R.C. 2505.02 defines "final order," in pertinent part, as:
 {¶ 6} "An order that affects a substantial right in an action that in effect determines the action and prevents a judgment."
 {¶ 7} Here, it is apparent that the trial court's order granting the motions to dismiss did not determine the action nor prevent a judgment because not all of the defendants joined in the motions to dismiss. Specifically, although defendants Allied Signal, Inc. (n/k/a Honeywell International Inc. and the Goodyear Tire and Rubber Co.), Air Products and Chemicals, Inc., Airco, Inc. (n/k/a The BOC Group, Inc.), and Rhone-Poulenc, Inc. (n/k/a Aventis CropScience USA Inc.) filed a stipulation with plaintiff extending their time in which to move, plead or otherwise respond to plaintiff's complaint to 30 days after the trial court ruled on the pending motions to dismiss, they never joined in the pending motions to dismiss. Accordingly, plaintiff's claims against these defendants remained pending even after the trial court granted the motions to dismiss filed by Goodrich, PolyOne and Ethyl.
 {¶ 8} An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met. Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus. Civ.R. 54(B) provides:
 {¶ 9} "When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 10} Here, it is uncontroverted that the underlying action involves multiple claims and multiple parties. Because several defendants did not join in the motions to dismiss, the trial court's order granting the motions to dismiss did not dispose of appellant's claims against those defendants. The trial judge, however, did not make an express determination of no just reason for delay pursuant to Civ.R. 54(B). Therefore, the trial court's order is not final and appealable.
 {¶ 11} Lacking a final appealable order pursuant to R.C. 2505.02
and Civ.R. 54(B), we have no jurisdiction to consider appellant's appeal and, therefore, dismiss the appeal.
Appeal dismissed.
This appeal is dismissed.
It is, therefore, ordered that the parties share costs herein taxed.
It is ordered that a special mandate be sent to the Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and FRANK D. CELEBREZZE, JR., J. concur.
[1] Several other defendants filed motions to dismiss on the grounds of forum non conveniens and lack of personal jurisdiction.