DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Denise Crise, appeals the decision of the Lorain County Court of Common Pleas, Domestic Relations Division, which granted a divorce decree between her and appellee, Floyd W. Crise, Jr. For the reasons that follow, this Court dismisses the appeal for lack of a final, appealable order.
 I. {¶ 2} The parties were married on April 23, 1999. They have two minor children born as issue of their marriage. In October of 2002, appellant filed for divorce, the parties conducted discovery, and appellee filed a motion to adopt a shared parenting plan in March of 2003. The case proceeded to trial and the court granted the parties' divorce and adopted appellee's proposed shared parenting plan within its order on September 25, 2003. Within that order, the trial court retained jurisdiction as to appellant's retirement account until an evaluation and division of the account was completed for purposes of the divorce.
 {¶ 3} Appellant appealed the September 25, 2003 order to this Court. For the reasons set forth below, this Court does not reach the merits of the appeal.
 II. {¶ 4} Appellant argues that the trial court erred in the following three ways: (1) by determining child support from the parties' gross annual incomes contrary to the evidence; (2) by failing to make an appropriate asset division of appellant's PERS pension according to the law of Hoyt v. Hoyt; and (3) by granting appellee's motion for shared parenting.
 {¶ 5} Before reaching the merits of this appeal, this Court must determine whether it has jurisdiction to review the order from which appellant appeals. Section 3(B)(2), Article IV of the Ohio Constitution limits this Court's appellate jurisdiction to the review of final judgments of lower courts. For a judgment to be final and appealable, it must satisfy the requirements of R.C.2505.02 and, if applicable, Civ.R. 54(B). Chef Italiano Corp. v.Kent State Univ. (1989), 44 Ohio St.3d 86, 88. Pursuant to R.C.2505.02 (B)(1), an order is final when it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"
 {¶ 6} In the instant case, appellant appeals her divorce decree. However, within that order, the trial court specifically stated the following:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff's retirement account with Public Employees Retirement System (PERS) shall be divided by further order of the Court following an evaluation of the Plaintiff's retirement account. The Court specifically retains jurisdiction over the Plaintiff's retirement account to divide the value of the account following the evaluation."
This language demonstrates that the trial court had not completely determined the case, but instead explained an evaluation of appellant's retirement account was necessary before it could provide a final adjudication of the parties' divorce proceedings. A thorough review of the record provided to this Court reveals that no further evaluation or orders concerning the division of appellant's retirement account have been filed in this case. In the absence of a final, appealable order from the trial court, this Court lacks jurisdiction to review appellant's assigned errors.
 III. {¶ 7} Accordingly, the appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, J., Batchelder, J. concur.