OPINION *Page 2 
{¶ 1} The plaintiff-appellant, Connie Polanco, on her own behalf and as personal representative of the estate of Ynacio Polanco, appeals the judgment of the Paulding County Common Pleas Court granting summary judgment in favor of the defendant-appellee, Maremont Corporation.
 {¶ 2} On April 14, 2003, Connie filed a complaint against Maremont and 36 other defendants. In her complaint, Connie alleged that Ynacio died on April 14, 2002 from mesothelioma, a lung cancer caused by breathing particles of raw asbestos. Maremont is a brake manufacturer and employed Ynacio between 1966 and 1979. Connie alleged that as part of his employment at Maremont, Ynacio was exposed to raw asbestos, which eventually caused his death.
 {¶ 3} On August 18, 2006, Maremont filed a motion for summary judgment, arguing that Connie could not prove an employer intentional tort against it. Connie filed a memorandum in opposition, and Maremont filed a reply brief. On January 9, 2007, the trial court granted summary judgment in favor of *Page 3 
Maremont. The court found that the only cause of action available against Maremont was intentional tort since Ynacio had participated in the workers' compensation fund. The court also found that Connie had failed to present the type of evidence required by Civ.R. 56(C), and therefore, she was unable to show that Maremont had actual knowledge that there was a substantial certainty that Ynacio was subject to harm as a result of his exposure to the asbestos then existing in its facility. Connie appeals the trial court's judgment, raising one assignment of error for our review.
 First Assignment of Error The trial court erred when it granted the Defendant-Appellee's motion for summary judgment.
 {¶ 4} Appellate jurisdiction is limited to review of lower courts final judgments. Section 3(B)(2), Article IV of the Ohio Constitution. To be a final, appealable order, a judgment entry must meet the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88, 541
N.E.2d 64. R.C. 2505.02(B)(1) provides that a final appealable order is "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." Civ.R. 54(B) states:
 When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that *Page 4 there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all parties.
Connie named 37 defendants in the complaint, alleging that each defendant is or had been:
 engaged in the mining, processing, manufacturing, sale, installation, assembly, and/or distribution of toxic substances, specifically including asbestos, asbestos-containing products and/or machinery requiring or specifying the use of asbestos and/or asbestos containing products. For a period of more than 15 years, Decedent worked with and/or was exposed to asbestos, asbestos-containing products, machinery requiring or specifying the use of asbestos and/or asbestos-containing products while working in facilities in this County and the United States. Decedent has been exposed, on numerous occasions, to asbestos, asbestos-containing products, machinery requiring or specifying the use of asbestos and/or asbestos-containing products produced, installed, distributed and/or sold by Defendants, and in doing so, inhaled great quantities of asbestos fibers.
(Compl., Apr. 14, 2003, at 18-19). Against each defendant, Connie alleged negligence, negligent installation, strict liability, breach of warranty, fraudulent concealment and representation, product liability, conspiracy, joint and several liability, punitive and exemplary damages, and loss of consortium. Against Metropolitan Life Insurance Company, Connie asserted additional claims for negligence and fraudulent concealment, and against Maremont, Connie alleged a claim for "intentional breach of duty." *Page 5 
 {¶ 5} We have reviewed the record in this case to ensure that each defendant and claim had been dismissed, and it appears the trial court and plaintiffs counsel overlooked several defendants who had not been dismissed prior to appeal. For ease of analysis, the following table illustrates when each defendant filed its answer, if the defendant filed a motion for summary judgment, the date of the motion, and on which date the defendant was dismissed.
TBTABLE
Defendant Answer Filed Mot. for Summ. J. Dismissed
Asbestos Corp., Ltd. 5/20/03 5/17/06
Atlas Turner, Inc. 5/20/03 5/1/06
Aventis Cropscience USA, Inc. (n.k.a. AmChem Prod.) 5/21/03 5/1/06
A.W. Chesterton Co. 6/3/03*
Babcock Borsig Power, Inc. 6/5/03
Bell Asbestos Mines, Ltd. 5/20/03 5/1/06
Capco Pipe Company, Inc. 5/16/03 5/1/06
C.E. Thurston Sons, Inc. 5/1/06
Certainteed Corp. 5/21/03 5/1/06
Clark Ind. Insulation Co. 5/19/03 9/18/06
Cleaver Brooks Corp. 8/11/03 8/14/06 8/17/06
Crown Cork Seal Co. 4/23/04 8/17/06
Dana Corp. 5/21/03
The Flintkote Co. 5/19/03
Foster Wheeler Energy Corp. 3/5/04
Garlock, Inc. 5/16/03
Gen. Refractories Co.
Georgia Pacific Corp. 5/14/03 8/17/06
Ind. Holdings Corp. (n.k.a. Carbordundum) 6/19/03 7/31/06 11/29/06**
Ingersoll-Rand Co. 5/29/03
John Crane, Inc. 5/20/03 8/17/06
Maremont Corp. 3/1/04 8/17/06 1/9/07
Metro. Life Ins. Co. 5/20/03
Mobil Oil Corp. 5/19/03* 5/1/06
Nat.'l Serv. Ind., Inc. 5/1/06
Ohio Valley Insulating Co, Inc. 6/13/03 8/17/06 9/18/06
Owens-Illinois Corp., Inc. 5/12/03 8/17/06
Pfizer, Inc. 5/6/03
Quigley Co., Inc. 5/6/03
Rinker Materials Corp. (n.k.a. CSR, Ltd.) 7/8/03 8/17/06
Sepco Corp. (Sealing Equip. Prod. Co., Inc.) 5/19/04 8/11/06 11/29/06**
Union Carbide Corp. 2/23/04 7/31/06 8/17/06
Uniroyal Holding, Inc. 5/15/03
Viacom, Inc. (n.k.a. CBS) 5/19/03 10/18/06 11/29/06**
Vimasco, Corp. 5/19/03 5/1/06
Wagner Elec. Corp. 4/13/04
Worthington Pump, Inc. 4/13/04
 TB/TABLE *Page 6 
 {¶ 6} In its judgment entry, the trial court granted summary judgment in favor of Maremont and found that all other defendants had been dismissed. As shown above, there are 16 defendants who have not been dismissed from this case. Apparently, plaintiffs counsel attempted to orally dismiss three of the non-dismissed defendants by way of representations made during arguments to the court on Maremont's motion for summary judgment. Since there are multiple parties remaining in the litigation and the court's judgment entry of January 9, 2007 did not include a Civ.R. 54(B) certification, we do not have jurisdiction to determine the merits of this appeal and must dismiss it.
Appeal dismissed.
 SHAW and PRESTON, J.J., concur.
* These defendants also filed cross-claims.
** Connie's counsel represented to the trial court that these defendants had been dismissed; however, there are no entries filed in the record evidencing their dismissal from the case. *Page 1