DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Erie County Court of Common Pleas. Appellants, BMT Management LLC, and Robert R. Tomazic, Jr., d.b.a. The Drinkery, assert the following assignments of error:
 {¶ 2} "THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION TO DISMISS AS PLAINTIFFS SUFFERED DAMAGES DUE TO DEFENDANTS' CONTINUOUS DEFAMATION. *Page 2 
 {¶ 3} "THE TRIAL COURT DID NOT ADDRESS THE CAUSES OF ACTION IN PLAINTIFFS' COMPLAINT REGARDING TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS AND CIVIL CONSPIRACY."
 {¶ 4} On May 13, 2005, appellants filed a complaint in which they asserted that appellees, the Sandusky Newspapers, Inc., and several employees of Sandusky Newspapers, Inc., negligently and/or maliciously defamed appellants in newspaper articles, tortiously interfered with their business relationships, and engaged in a civil conspiracy against appellants. Appellants also asked for punitive damages.
 {¶ 5} In lieu of an answer, appellees filed, pursuant to Civ.R. 12(B)(6), a motion to dismiss appellants' claims for failure to state a claim upon which relief could be granted. Appellees addressed all three of appellants' claims in the memorandum in support of their motion, including the claims based upon tortious interference with business relationships and civil conspiracy. Appellees contended that the disputed articles were not defamatory. They also argued that when an alleged defamatory statement is privileged, the protection afforded to those statements applies to any derivative claim, i.e., the claims of tortious interference with business relationships and civil conspiracy. Appellants filed a memorandum in opposition to appellees' motion to dismiss, and appellees filed a reply.
 {¶ 6} On February 7, 2007, the trial court granted appellees' motion to dismiss. In its decision, the court discusses only appellants' claim of defamation, and finds that the disputed newspaper articles are not defamatory. Without addressing appellants' other two *Page 3 
claims, the trial court held: "Case dismissed." In addition, in its judgment, the court below repeatedly refers to only one "plaintiff."
 {¶ 7} The jurisdiction of this court is limited to the review of "final orders of courts of record inferior to the court of appeals within the district * * *." Section 3(B)(2), Article IV, Ohio Constitution. An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B) are met. Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, syllabus. Civ.R. 54(B) provides, as follows:
 {¶ 8} "When more than one claim for relief is presented in an action * * * whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 9} In the present case, the trial court did not specifically determine appellants' claims of tortious interference with business relationships and civil conspiracy. Furthermore, a reading of the trial court's judgment entry reveals that the judge failed to *Page 4 
address any of the claims as they related to one of the plaintiffs. The entry does not contain a finding of "no just reason for delay" as required under these circumstances by Civ.R. 54(B). Therefore, the judgment in the case before us is not a final appealable order. Accordingly, we dismiss this appeal for lack of jurisdiction. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1