DECISION
Plaintiff-appellant, Albertine Mangum, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, SunStar Acceptance Corporation, Inc. ("SunStar"). Because plaintiff's appeal does not present a final appealable order, we dismiss for lack of jurisdiction.
On June 6, 1998, plaintiff filed a complaint against SunStar, LTD Financial Services ("LTD"), John Doe, Inc., and John Doe Collection Agency. Plaintiff's complaint sought damages for defendants' conduct resulting in invasion of privacy and intentional and/or negligent infliction of emotional distress. Both SunStar and LTD were served with summons and complaint on June 8, 1998.
After filing an answer, SunStar filed a summary judgment motion. Following full briefing, the trial court granted SunStar's summary judgment motion with respect to plaintiff's claims for negligent and intentional infliction of emotional distress. The trial court, however, denied the motion as to plaintiff's claim for invasion of privacy. On June 14, 1999, plaintiff filed a notice of appeal from the trial court's decision, and on June 25, 1999, plaintiff dismissed without prejudice her "remaining claim for invasion of privacy." On appeal, plaintiff assigns the following errors:
 I. THE TRIAL JUDGE APPLIED THE WRONG STANDARD FOR SUMMARY JUDGMENT WHEN HE GRANTED THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT DESPITE APPELLANT'S MOTION CONTRA WHICH RELIED UPON APPELLANT'S AFFIDAVIT WHICH SPECIFICALLY POINTED OUT HOW SHE SUSTAINED SERIOUS EMOTIONAL DISTRESS AS A RESULT OF APPELLEE'S UNWARRANTED DEBT COLLECTION ACTIVITIES.
 II. THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR WHEN HE GRANTED THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS WITH THE EXCEPTION OF PLAINTIFF'S CLAIM FOR INVASION OF PRIVACY.
 III. THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR WHEN HE RELIED ON HOUSH V. PETH (1956), 165 Ohio St. 35, AS THE STANDARD FOR ALLOWING CREDITORS TO MAKE COLLECTION EFFORTS ON AN "AMOUNT NOT OWED", as HOUSH DEALT WITH COLLECTION EFFORTS TO PERSUADE PAYMENT OF A "DEBT OR AMOUNT OWED."
 IV. THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR WHEN HE RULED THAT THE RESTRICTIONS REGARDING EMOTIONAL DISTRESS DAMAGES IN NEGLIGENT AND/OR INTENTIONAL INFLICTION CLAIMS ARE APPLICABLE WHERE A DEBT HAS BEEN PAID AND A CREDITOR CONTINUES TO CONTACT A "DEBTOR", SINCE THIS TYPE OF CASE IS DISTINGUISHED FROM CASES INVOLVING A TORTFEASOR'S ACTIONS DIRECTED TOWARD A THIRD PARTY WHICH INDIRECTLY CAUSES EMOTIONAL HARM TO A PARTY NOT DIRECTLY INVOLVED.
 V. THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR WHEN HE RULED THAT THE APPELLANT'S DAMAGES (I.E. DEGREE OF EMOTIONAL DISTRESS) SHOULD NOT BE CONSIDERED BY A JURY SINCE THEY WERE INSUFFICIENT TO SUSTAIN A CLAIM FOR NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.
 VI. THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR WHEN HE GRANTED THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON APPELLANT'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.
 VII. THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR WHEN HE RULED THAT THERE WAS A LACK OF EVIDENCE. APPELLANT SUFFERED SEVERE EMOTIONAL DISTRESS.
 VIII. THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR WHEN HE GRANTED THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON APPELLANT'S CLAIM OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.
 IX. THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR WHEN HE RULED THAT A NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM WITHOUT PHYSICAL INJURY CAN ONLY BE SUSTAINED WHERE THE APPELLANT IS COGNIZANT OF A REAL DANGER, SUCH AS WHERE THE APPELLANT WAS A BYSTANDER OR IS PUT IN FEAR OF PHYSICAL CONSEQUENCES.
 X. THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR WHEN HE RULED THAT A NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM CANNOT BE SUSTAINED WHERE APPELLANT SUFFERS EMOTIONAL DISTRESS AS A DIRECT RESULT OF APPELLEE'S ACTIONS DIRECTED TOWARD APPELLANT, RATHER THAN INDIRECTLY THROUGH A THIRD PARTY.
 XI. THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR WHEN HE RULED THAT THERE WAS A LACK OF EVIDENCE THAT APPELLANT WAS PLACED IN FEAR OF A REAL OR IMPENDING PHYSICAL PERIL BY APPELLEE'S NEGLIGENT FAILURE TO KEEP ACCURATE ACCOUNT RECORDS.
 XII. THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR WHEN HE FAILED TO ADDRESS APPELLANT'S CLAIM FOR PUNITIVE DAMAGES.
Because this court's jurisdiction is premised on plaintiff's appealing a final appealable order, we first examine the record in that regard.
Pursuant to R.C. 2505.02 as relevant here, a final appealable order is an order that affects a substantial right in an action that in effect determines the action or prevents a judgment, an order that affects a substantial right made in a special proceeding or upon summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial. For a trial court's order to be final, it must meet the requirements of both R.C. 2505.02 and Civ.R. 54(B).Chef Italiano Corp. v. Kent State University (1989),44 Ohio St.3d 86, 88. Civ.R. 54(B) states that:
 When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
Given those parameters, the matter before us fails to present a final appealable order. Initially, the trial court rendered its decision on May 21, 1999. Although the decision requests that counsel for defendant submit, on or before June 5, 1999, an entry reflecting the decision of the court, the record contains no judgment entry. Indeed, plaintiff's June 14, 1999 notice of appeal references a decision, not a judgment, rendered by the trial court. For that reason alone, the record fails to present a final appealable order.
Moreover, plaintiff's complaint was filed against two defendants, SunStar and LTD. Although SunStar filed a motion for summary judgment, LTD did not. Thus, the trial court's summary judgment motion determined only those claims filed against SunStar. The trial court granted summary judgment on two of the three claims, but found issues of fact regarding plaintiff's invasion of privacy claim. In an effort to create a final appealable order, plaintiff dismissed her invasion of privacy claim. Even if plaintiff's dismissal be deemed proper, and further be construed to dismiss her invasion of privacy claim against both SunStar and LTD, plaintiff's claims for negligent and intentional infliction of emotional distress against SunStar remain. Had the record included a judgment entry in which the trial court found no just cause for delay under Civ.R. 54(B), plaintiff's contentions regarding a final appealable order would be more persuasive.
Given the foregoing, the record fails to present a final appealable order for this court's consideration. Lacking jurisdiction to consider something less than a final appealable order, we are compelled to dismiss plaintiff's appeal.
Appeal dismissed.
LAZARUS and KENNEDY, JJ., concur.