DECISION AND JOURNAL ENTRY
Jeffrey L. Arnold filed a complaint, pursuant to 28 U.S.C. § 1983, against three named individuals and two unnamed individuals. The Lorain County Court of Common Pleas dismissed the complaint as to the three named defendants Gary D. Marhoperter, Ted Davis, and Gregory Lewis. Arnold has attempted to appeal from the dismissal of his complaint.
Arnold filed the complaint on December 10, 1998, against Marhoperter, Davis, Lewis, the "Chief of the Adult Parole Authority," and John Doe. Although he did not provide complete addresses for each defendant, he named the state institutions at which each of the five defendants worked, and gave a job description for each of the two unnamed defendants. On December 29, 1998, the clerk of courts sent summons and copies of the complaint by certified mail to Lewis, Davis, and John Doe at the Lorain Correctional Institutions, the institution at which Arnold suggested Lewis should be served. It also sent summons and a copy of the complaint by certified mail to Marhoperter at the institution at which Arnold suggested the "Chief of the Adult Parole Authority" should be served. The clerk of courts did not attempt to serve the "Chief of Adult Parole Authority."
An unknown individual at the service address for the "Chief of the Adult Parole Authority" signed for the document sent there addressed to Marhoperter; the documents sent to Lewis, Davis, and John Doe were returned marked "Refused." On January 22, 1999, Arnold requested that the clerk of courts serve "any and all named defendants by ordinary mail in accord with [Civ.R. 4.6(C)]," which provides for service following the refusal to accept service by certified mail. The clerk of courts did not do so.
On February 19, 1999, the Ohio Attorney General moved for dismissal on behalf of Marhoperter, Davis, and Lewis. The Attorney General asserted that Lewis and Davis did not work at the Lorain Correctional Institution, and that it had been over three years since Marhoperter worked at the address provided for the "Chief of the Adult Parole Authority," to which the clerk had mailed Marhoperter's summons. The Attorney General requested that the complaint be dismissed against these three because service was insufficient. On March 18, three months after the complaint was filed, the trial court dismissed the complaint as to Marhoperter, Davis, and Lewis,[1] and declared the "case closed" as "these are all of the [persons] sued by the Plaintiff in this case."
Arnold identified five defendants in his original complaint. The court dismissed the complaint as to the three named defendants, and declared that Arnold had not sued the other two. This is clearly erroneous, as Arnold identified the fourth defendant by his title, as permitted by Civ.R. 25(D)(2), and the fifth defendant by description and a fictitious name, as permitted by Civ.R. 15(D).
Because the judgment only purports to dispose of Arnold's claims against three of the five defendants, and does not contain an express determination that there is no just reason for delay, see Civ.R. 54(B), it is not a final, appealable order. Civ.R. 54(B), Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus. As such, this court does not have jurisdiction to hear the appeal. The appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
BATCHELDER, P.J., CARR, J., CONCUR.
[1] Because we lack jurisdiction to consider this appeal, we are barred from considering the merits of Arnold's contention that the complaint could not properly have been dismissed for insufficiency of process against any of the defendants until six months from the date of the complaint. See Civ.R. 4.