I respectfully dissent. The majority correctly states that, "[t]he phrase `no just reason for delay' is not a mystical incantation that transforms a non-final order into a final appealable order." ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86.
The majority also correctly cites the two-pronged analysis for determining whether an order constitutes a final order under Civ.R. 54. However, in the present case, the second prong of that analysis is applied with too broad of a brush. Therefore, I must disagree with the majority's conclusion that the March 23, 2000 judgment entry was not a final appealable order as to the specific claim currently before this court. From that decision, I dissent.
Strictly applying a "can the plaintiff still obtain a judgment in the matter against the defendant" test to partial summary judgment cases would effectively eliminate the appeal of partial summary judgment rulings. When a trial court rules on all of the elements of a cause of action, an immediate appeal of such ruling is warranted when the trial court properly makes a "no just cause for delay" determination. However, when a trial court rules on only some of the elements of a cause of action (e.g., the issue of duty or causality in a tort action), an immediate appeal is not proper, even if the trial court rules that there is "no just cause for delay" under Civ.R. 54(B). In every partial summary judgment case where such partial judgment is rendered for the defendant, the plaintiff may still obtain a trial court judgment against the defendant on any separate remaining causes of action. Civ.R. 54(B) provides the trial court with the discretionary power to submit such partial rulings to immediate appeal or to delay such appeal until all of the causes of action have been adjudicated by the trial court. However, if a full final judgment as to all causes of action in a case is a prerequisite for an appeal under Civ.R. 54(B), there would be no need for inclusion of the mandatory "no just cause for delay" finding by the trial court because the trial court ruling on all causes of action would always be a final, conclusive and appealable trial court decision. Therefore, the test used by the majority is incongruous with the purpose for the "no just cause for delay" provision in Civ.R. 54(B) and would effectively render that civil rule unnecessary.
In a multiple cause of action or claim case, such as this action, a trial court's ruling that affects a substantial right and completely determines a distinct cause of action within the case and presents a final judgment on that cause of action is precisely the situation that gives rise to a trial court's use of the "no just cause for delay" certification under Civ.R. 54(B). The trial court's ruling presents a final judgment in favor of appellant's second claim in appellant's complaint concerning appellant's separate claim for enforcement of the acceleration clause in the lease. As such, the trial court fully adjudicated that cause of action and that order is a final appealable order under R.C. 2505.02 as to appellant's second claim. Wisinratner v.Elcen Power Strut Co. (1993), 67 Ohio St.3d 352, 355. Since the trial court's ruling is consistent with this court's holding in Tokai FinancialServices, Inc. v. Mathews, Gallovic, Granito Co. (Nov. 24, 1995), Lake App. No. 95-L-098, unreported, appellant's assignments of error as to that ruling are without merit. Appellant's separate first cause of action for certain monthly rents remains for ruling by the trial court. I would affirm the trial court's ruling and remand the case to the trial court for adjudication of the remaining cause of action. Delaying such an appellate decision for another day does not facilitate judicial economy or advance the rights or interests of the parties in this action.
______________________________________ JUDGE DIANE V. GRENDELL