JOURNAL ENTRY and OPINION
Plaintiff Sysco Food Services of Cleveland, Inc. brought this action against defendant John Balas III and his restaurant, Cafe Momus, alleging that defendant owed Sysco $2,751.99 on account. Defendant counterclaimed for breach of contract and fraud. The court granted Sysco summary judgment on its claim, and dismissed defendant's counterclaim. Defendant appeals.
While our introductory paragraph might suggest the facts are relatively benign they are not. The record is largely devoid of any facts. The complaint sets forth a copy of an account, as required by Civ.R. 10(D), along with John Balas' personal guaranty for all items purchased from Sysco. Defendant filed a pro se response to complaint that did not conform to Civ.R. 8(B) because it did not state in short and plain terms defendant's defenses, nor did it make any actual denials of Sysco's allegations. Instead, the response to complaint set forth a laundry list of defendant's own grievances with Sysco, none of which were pleaded correctly.
Defendant then obtained counsel and filed an answer which denied the allegations of the complaint. Defendant also filed a counterclaim which alleged that Sysco breached its contract by delivering incorrect equipment, and that Sysco misrepresented the condition of certain equipment.
Sysco filed a motion for summary judgment on its claim for relief, doing nothing more than citing to an affidavit from a representative of the Plaintiff stating that Sysco's claim on account was for food merchandise only *** and not for any equipment as alleged by the Defendants. The court granted the motion for summary judgment without opposition from defendant.
Defendant then asked the court for relief from the summary judgment, but at the same time told the court that his counterclaims had not been ruled upon as required by Civ.R. 54(B), the import being that the counterclaims were still before the court. The court conducted a hearing on the motion for relief from judgment and subsequently denied the motion.
The court then convened the parties for purposes of trying defendant's counterclaim. At the start of trial, Sysco asked the court for a Rule 29 dismissal of defendant's counterclaim on the grounds that defendant did not address his counterclaim in response to Sysco's motion for summary judgment. The court went off the record with the parties, and when the proceedings went back on the record, the court stated:
 The Court having heard the oral arguments of the parties in Court and having reviewed this matter at some length in chambers with the attorneys for the parties, Court is going to admit Plaintiff's Exhibit A, which is a magistrate's decision from the Municipal Court of Akron, Summit County, Ohio, and grant Plaintiff's motion to dismiss the counterclaim per the arguments made here in open Court.
The judgment referred to by the court is a magistrate's decision from an Akron Muncipal Court matter, approved by the municipal court, on Sysco's attached motion against John Balas. The magistrate's decision states that the attached property is not owned by defendant and uncontradicted testimony that the tagged property belongs to Andy Balas, son of defendants.
In a journal entry issued following the hearing, the court stated:
 The court finds that defendant's claims are without merit in that defendant Kay Balas has sworn she does not own property as shown by Exhibit A. It is therefore ordered plaintiff's Motion to Dismiss per ORCP Rules 54 and 29 are hereby granted.
The court erred by dismissing defendant's counterclaim for several reasons. First, the court could not purport to dismiss the counterclaim under Civ.R. 29 because that rule deals with stipulations regarding discovery procedure and has no application to dismissals. Perhaps Sysco meant to cite to Crim.R. 29, although the reasons for doing so are obscure. Of course, this is a civil case so Crim.R. 29 would have no application. We suspect Sysco really meant to cite to Civ.R. 12(B)(6), but if it did, it utterly failed to support such a motion.
Second, the citation to Civ.R. 54(B) is inapt. Civ.R. 54(B) applies to those situations where there is more than one claim for relief presented or multiple parties are involved in an action, and where the lower court has rendered a final judgment, pursuant to R.C. 2505.02, with respect to fewer than all of the parties or to fewer than all of the claims. Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88. The court's summary judgment was interlocutory because defendant's counterclaims had not been ruled upon. In any event, Civ.R. 54(B) does not give a basis for dismissing an action.
Third, the court should not have dismissed the counterclaims on the basis of a municipal court order in an unrelated garnishment action. The Akron Municipal Court entry states that the attached property is not owned by defendant and that there was uncontradicted testimony that the tagged property belongs to Andy Balas, son of defendants. The entry does not state any particulars of the action. It does not give any inventory of the attached property. Most importantly, the relevance of the recitation that it is uncontradicted that tagged property belongs to defendant's son is not apparent on the state of the record before us. Perhaps the parties discussed the relevance of this point in chambers, but if they did, they did not favor us with a record of those discussions. We are simply unable to discern how the Akron Municipal Court journal entry is relevant to this case. In any event, the magistrate's decision contains no facts that would pertain expressly to defendant's counterclaim in a way that would justify the court's decision to dismiss the counterclaim.
Our conclusion is not meant to say that defendant's counterclaims are not amenable to dispositive motions, just that the record currently before us gives absolutely no basis for dispositive action at this point in time. We therefore sustain the second assignment of error and remand for further proceedings on the counterclaim. The remaining assignments of error are moot. See App.R. 12(A)(2).
Reversed and remanded.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ MICHAEL J. CORRIGAN, JUDGE:
KENNETH A. ROCCO, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.