DECISION
East Galbraith Nursing Home, Inc., plaintiff-appellee, has filed a motion to dismiss an appeal filed by the Ohio Department of Job and Family Services and Greg Moody, Interim Director of the Ohio Department of Job and Family Services. Appellee argues that the order appealed from by appellants is not a final appealable order.
On June 29, 2001, appellee filed a complaint for declaratory and injunctive relief with a jury demand. Appellee is an Ohio corporation that operates a seventy-seven-bed nursing home facility located in Hamilton County, Ohio. The Ohio Department of Job and Family Services ("ODJFS") administers the Medicaid Program for the state of Ohio pursuant to R.C. Chapter 5111. In November 1999, appellee and HRM Realty Company sold the Hamilton County nursing home facility to Corpline. The sale included a provision that allowed appellee to lease the nursing home facility from Corpline for an annual amount of $513,600.
Appellee claimed that ODJFS, while determining the Medicaid disbursement amount to appellee, disallowed the lease payment as an expense. Appellee argued that this disallowance would cause a significant reduction in its Medicaid reimbursement rate. Appellee further claimed that in May 2001, appellants "unilaterally, arbitrarily and without notice disallowed and deleted the total capital expense of $514,543.00 reported in [appellee's] cost report, including the non-lease related capital expenses, recalculated [appellee's] Medicaid reimbursement rate, and immediately implemented and began paying that reduced rate." Appellee also argued that appellants ordered appellee to submit a revised cost report reflecting interest and depreciation based upon appellee owning the facility as opposed to leasing it.
In its complaint, appellee requested the following items for relief from the trial court: (1) a declaratory judgment declaring that the lease with Corpline and other nonlease related expenses were properly reported by appellee and are Medicaid reimbursable expenses; (2) a declaratory judgment declaring the acts alleged in the complaint were violations of federal and state law; and (3) an order allowing temporary, preliminary, and permanent mandatory injunctive relief ordering appellants to reinstate appellee's Medicaid rate based upon the lease with Corpline and requiring appellants to comply with the Administrative Procedure Act prior to any modification of the Medicaid rate.
On June 29, 2001, appellee filed a motion for a preliminary injunction pursuant to Civ.R. 65(B), requesting the court restrain appellants "from unilaterally disallowing and deleting without due process of law $514,543.00 in lease and non-lease related capital expenses reported in [appellee's] Medicaid cost report, and to order that any adjustment to the cost report only be implemented following [appellants'] compliance with the Administrative Procedure Act." The trial court referred the matter to a magistrate pursuant to Civ.R. 53 and Loc.R. 99.02 of the Franklin County Court of Common Pleas. On September 4, 2001, the magistrate granted appellee's motion for a preliminary injunction stating:
 * * * [Appellants] be enjoined pending further Order of the Court from deleting or disallowing the monthly rent charges identified herein and that any modification to [appellee's] cost report concerning that item only be implemented following a proper and timely due process administrative hearing resulting in a timely adjudication order from which an appeal may be made to this court.
On September 7, 2001, the trial court filed an entry and order granting an ex parte temporary restraining order against appellants. The court made the following findings:
 1. Immediate and irreparable injury, loss or damage will result if [appellee's] Motion is not sustained;
 2. Notice is not required to be given to [appellants] or their counsel;
 3. The harm to other parties is minimal to non-existent.
 4. It is in the best interest of no one to incur the risks inherent in substantially reducing a facility's reimbursement rate;
 5. Effective immediately, [appellants] are restrained from unilaterally disallowing and deleting without due process of law $514,543.00 in lease and non-lease related capital expenses reported in [appellee's] Medicaid cost report, including any and all implementation of the effect of any disallowance in the vendor payment(s)/reimbursements be made by [appellants] to [appellee] for the month of September 2001;
 6. [Appellants], and each of them, shall recognize and reimburse [appellee] effective immediately for such sums as may be reflected for the month of August 2001;
 7. [Appellee's] counsel shall be responsible for filing and serving upon [appellants] and/or their counsel this Entry and Order in the most expeditious means practicable.
On September 17, 2001, appellants filed objections to the magistrate's September 4, 2001 decision. On September 27, 2001, the trial court filed an entry approving and adopting the magistrate's decision and requested appellee's counsel to submit a judgment entry reflecting the court's findings. On October 3, 2001, the trial court filed an entry granting appellee's motion for a preliminary injunction. The court stated that the magistrate's decision was adopted as the "Interim Order of this Court." The entry also stated that the preliminary injunction "shall remain in force and effect until such time as same may be modified after any proper and timely filed objections to the Magistrate's Decision." The court further stated that if no timely objections were filed, "this preliminary injunction SHALL EXTEND until such time as this court vacates same." On October 29, 2001, the trial court filed another interim entry granting appellee's motion for a preliminary injunction and approving and adopting the magistrate's September 4, 2001 report. This entry stated that the "preliminary injunction is and shall remain in force and effect and shall extend until such time as this court vacates same." The court also stated that it was adopting the magistrate's decision after having considered the objections of appellants.
Appellants' notice of appeal was filed on October 26, 2001. The notice of appeal states that appellants were appealing the September 27, 2001 decision adopting the magistrate's September 4, 2001 decision. Appellants claimed that a meaningful or effective remedy by an appeal following final judgment in the action would not be possible.
An order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met. Fisher v. Fisher, Franklin App. No. 01AP-1041, 2002-Ohio-3086, at ¶ 13, following Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, syllabus. If an order is not final and appealable, the appellate court has no jurisdiction to review the matter being appealed and it must be dismissed. Fisher, at ¶ 12.
R.C. 2505.02(B) states in part:
 An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
* * *
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
A preliminary injunction is considered a provisional remedy pursuant to R.C. 2505.02(A)(3).
Appellants argue the trial court effectively determined the central issues in the case through its grant of the preliminary injunction. However, the record shows that the effect of the preliminary injunction by the trial court was to maintain the amount of Medicaid payments to appellee as had been determined by ODJFS prior to their recalculation while the case was before the trial court. The preliminary injunction was granted after appellee claimed that the injunction was needed because there was "a clear likelihood of irreparable injury to both the residents and the facility" based upon the lower Medicaid payments during the time the court considered the matter.
The preliminary injunction order also shows that the court did not make a final determination concerning the merits of appellee's action, but instead analyzed the matter as required by case law. In order for a permanent injunction to be granted, the court must find that "the movant has shown a strong or substantial likelihood or probability of success on the merits." Sinoff v. Ohio Permanente Med. Group, Inc. (2002),146 Ohio App.3d 732, 741. The court made this finding.
Further review of the trial court's opinion also shows that the preliminary injunction was not meant to be a permanent injunction. For example, the court stated on October 29, 2001 that the "preliminary injunction is and shall remain in force and effect and shall extend until such time as this court vacates same." The trial court labeled each of the orders as "interim" orders. Therefore, it was apparent that the trial court desired to retain jurisdiction over the subject matter while the preliminary injunction was in effect.
Appellants also argue that an appeal of the preliminary injunction is necessary because otherwise, they would be denied a meaningful or effective remedy as to all proceedings, issues, claims, and parties in this action pursuant to R.C. 2505.02(B)(4)(b). Appellants' argument is based upon their belief that "it is unlikely that Appellee will have the financial wherewithal to repay Appellants the estimated $17,000 a month windfall to Appellee (beginning from August of 2001 forward) that will result if Appellants are successful on an appeal after final judgment * * *." (Emphasis sic.) However, there is no evidence in the record showing that if appellee was paid Medicaid payments later found to be excessive, that appellee would be unable to reimburse ODJFS. In fact, when the court granted a temporary restraining order in favor of appellee regarding the same issues ruled upon in the preliminary injunction, the court stated that "[i]mmediate and irreparable injury, loss or damage will result if [appellee's] motion is not sustained" and that the "harm to other parties is minimal to non-existent."
We also note the record shows that issues still remain before the trial court that have not been resolved. Appellee requested a jury trial to hear the merits of their case. The ultimate issue concerning whether appellants complied with federal and/or state law concerning Medicaid payments to appellee has not been resolved. Additionally, a review of both the September 27, 2001 and the October 29, 2001 entries show that neither have the requisite Civ.R. 54(B) language. "In deciding that there is no just reason for delay, the trial judge makes what is essentially a factual determination whether an interlocutory appeal is consistent with the interests of sound judicial administration, i.e., whether it leads to judicial economy." (Emphasis sic.) Wisintainer v. Elcen Power Strut Co. (1993), 67 Ohio St.3d 352, 354.
Accordingly, we find that the trial court's granting of a preliminary injunction in favor of appellee is not a final appealable order. The record shows that appellants would have a meaningful or effective remedy by appeal following a final judgment as to all proceedings, issues, claims, and parties in this action. Additionally, it is apparent from the trial court's entries that the court did not consider its order a final and appealable order and intended to retain jurisdiction over the matter. Accordingly, appellee's motion to dismiss appellants' appeal is granted.
Case dismissed.
LAZARUS and PETREE, JJ., concur.