This cause was heard upon the record in the trial court, and the following disposition is made:
{¶ 1} Appellants/Cross-Appellees, Gary Cowling, Richard Cowling, Diane Cowling, and Deanna Cowling (collectively "the Cowlings") appeal from the decision of the Lorain County Court of Common Pleas.[1]
Appellee/Cross-Appellant, the estate of Grace L. Cowling ("Appellee"), appeals from the trial court's decision granting Gary's motion for directed verdict as to Grace's claims of civil conspiracy and civil aiding and abetting. For the reasons that follow, we dismiss the appeal and cross-appeal for lack of a final, appealable order.
 {¶ 2} Grace married Garnard Cowling in 1967. It was a second marriage for both Grace and Garnard. Gary, Richard, and Sandra Reddington are the children of Garnard's previous marriage. Diane and Deanna are the spouses of Richard and Gary respectively. Donel Sprenger and Anthony Sprenger are the children of Grace's previous marriage.
 {¶ 3} Grace and Garnard owned certain stock investments jointly. Donel testified at trial that he became concerned about Grace's mental state in 1995 and 1996. Dr. Mary Bischoff testified that she examined Grace in 1999 and found that Grace suffered from a progressive dementia which "generally involves a progression that can extend over years."
 {¶ 4} On July 16, 1996, Grace signed irrevocable stock powers that transferred the stocks that she previously held jointly with Garnard to Garnard's name alone. Garnard then gifted the stock to his children over a period from December, 1996 through February, 1997. Garnard died on February 8, 1998. Gary, Sandra, and Richard received proceeds of Garnard's Transfer on Death account.
 {¶ 5} Grace filed a complaint on October 16, 1998, and later, two amended complaints, naming the Estate of Garnard H. Cowling, Gary, Richard, Sandra, Diane, and Deanna as defendants. In the complaint, and amended complaints, Grace alleged (1) breach of contract, (2) conversion, (3) breach of fiduciary duty, (4) negligent misrepresentation, (5) fraud, (6) declaratory judgment to establish a constructive trust, (7) action for accounting, (8) civil conspiracy, and (9) civil aiding and abetting. The counts of civil conspiracy and aiding and abetting were brought against Gary only. The estate of Garnard Cowling did not answer the complaint or the amended complaints.
 {¶ 6} On October 15, 1999, the Cowlings filed a motion for partial summary judgment on counts one, two, three, four, five, eight, and nine. The trial court granted partial summary judgment for Richard, Dianne, Deanna, and Sandra on counts one, two, three, four, five, eight and nine. The trial court denied the motion for partial summary judgment with regard to Gary. A trial was held on the remaining issues of counts one through nine against Gary, and counts six and seven against Richard, Dianne, Deanna, and Sandra. The Cowlings filed a motion for a directed verdict which was granted, in part, on the following claims against Gary: breach of contract, conversion, breach of fiduciary duty, negligent misrepresentation, fraud, civil conspiracy, and civil aiding and abetting. The motion for directed verdict regarding the claim for imposition of a constructive trust was denied and the case was submitted to the jury. The Cowlings did not move for directed verdict on count seven, action for accounting, and the trial court did not rule on that count.
 {¶ 7} The jury rendered a verdict in favor of Grace in the amount of $255,354.00. Default judgment was entered against the Estate of Garnard Cowling. The trial court ordered a constructive trust be imposed in proportion to the amount of money received by each of the Cowlings from Garnard. The trial court did not enter judgment on the action for accounting. The Cowlings filed a motion for judgment notwithstanding the verdict. The trial court denied the motion.
 {¶ 8} The Cowlings appealed the trial court's judgment entry imposing the constructive trust and the trial court's entry denying the Cowlings' motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial. Grace appealed the trial court's partial granting of the Cowlings' motion for directed verdict.
 {¶ 9} Before reaching the merits of this case, we must first decide whether this Court has jurisdiction to review the orders from which the Cowlings appeal and Appellee cross-appeals. Section 3(B)(2), Aritcle IV of the Ohio Constitution limits this Court's appellate jurisdiction to the review of final judgment of lower courts. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). Chef Italiano Corp. v.Kent State Univ. (1989), 44 Ohio St.3d 86, 88.
 {¶ 10} When an action involves multiple claims or parties, "the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Civ.R. 54(B). When the court does not make an express determination that there is no just reason for delay, the judgment entered as to fewer than all of the claims or the rights and liabilities of fewer than all the parties is not final as to any of the claims or parties, until the court enters a judgment adjudicating all of the claims and the rights and liabilities of all the parties. Id.
 {¶ 11} The trial court's July 27, 2001 judgment entry granting judgment in favor of Appellee does not dispose of the action for accounting. Because the judgment entry does not dispose of all claims, and does not state that there is no just reason for delay pursuant to Civ.R. 54(B), the judgment is not final and this Court does not have jurisdiction to hear the appeal. The trial court's July 27, 2001 judgment entry granting the Cowlings' motion for directed verdict does not state that there is no just reason for delay pursuant to Civ.R. 54(B), the judgment is not final and this Court does not have jurisdiction to hear the cross-appeal.
 {¶ 12} The appeal and cross-appeal are dismissed. This dismissal does not prejudice any future right that the parties have to appeal from a final, appealable order that the trial court enters.
 {¶ 13} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
CARR, P.J. and WHITMORE, J., concur.
[1] Sandra Reddington filed a notice of appeal along with Gary, Richard, Diane, and Deanna, however, she is not named on any of the briefs filed by Gary, Richard, Diane, and Deanna, and has not filed her own brief.