JOURNAL ENTRY and OPINION.
{¶ 1} Plaintiff-appellant John Biddulph appeals from judgment entries which (a) ordered defendant-appellee Bonita Rose DeLorenzo to reimburse the subject trust for a portion of the legal fees paid by the trust, (b) denied appellant's request to place real property formerly owned by the trust in a constructive trust, (c) denied appellant's request that the court set aside sales of the trust's property, and (d) dismissed the counterclaim filed by defendant-appellee Butternut Ridge Properties, Ltd. We find the court's orders are not final and appealable. Therefore, we must dismiss this matter for lack of jurisdiction.
 PROCEDURAL HISTORY {¶ 2} The complaint in this case was filed on April 9, 1999, and was amended with leave of court on July 16, 1999. The amended complaint alleges that John Biddulph and Bonita Rose DeLorenzo are brother and sister and are the beneficiaries of an inter vivos trust created by their parents, George and Loretta Biddulph, now deceased. Appellee Bonita DeLorenzo is the trustee; her husband, defendant-appellee Ronald DeLorenzo, is the successor trustee.
 {¶ 3} In early 1998, the trustee sold real property owned by the trust to Butternut Ridge Properties, Ltd. ("BRP"), a limited liability company owned by Ronald DeLorenzo. The amended complaint claims the price of the property was significantly less than fair market value.
 {¶ 4} Count I of the amended complaint claims Bonita DeLorenzo engaged in self-dealing, in breach of her fiduciary duties to the trust beneficiaries. Count II claims the sale of the trust property was fraudulent. Count III alleges Bonita DeLorenzo was negligent in the administration of the trust. Count IV claims Bonita and Ronald DeLorenzo conspired to deprive John Biddulph of his interest as a beneficiary of the trust. Count V claims Ronald DeLorenzo intentionally interfered with John Biddulph's rights in the trust assets. Count VI claims BRP is the alter ego of Ronald DeLorenzo and is liable for his actions. Count VII demands punitive damages.
 {¶ 5} The amended complaint demands a declaration that the property sold to BRP should be held in constructive trust until the parties' rights and obligations are determined, and BRP should be enjoined from transferring the property during the pendency of the action. The amended complaint further demands a declaration that the sale of the property to BRP is void and the property should be transferred back to the trust. In addition, the amended complaint demands that the trustee and successor trustee should be removed and another trustee should be appointed, and that the trustee should provide an accounting of the administration of the trust. Finally, the amended complaint demands compensatory and punitive damages, interest, attorney's fees, and costs.
 {¶ 6} BRP counterclaims, seeking recovery of the amounts it expended in the belief that it was the owner of the property in the event plaintiff succeeds in avoiding the sale. Alternatively, BRP demands the damages it has incurred as a result of the delay in its use of the property. Bonita DeLorenzo also counterclaims and asserts that John Biddulph was unjustly enriched by the transfer of other trust property to him.
 {¶ 7} Trial was conducted before a magistrate on March 12 to 14, 2001. The magistrate filed his decision on May 16, 2001, to which appellant objected on May 30, 2001. The probate court conducted a hearing on August 23, 2001. The court adopted the magistrate's findings and conclusions in part and modified them in part in a judgment entered October 11, 2001. Appellant then appealed that judgment to this court.
 {¶ 8} This court concluded that the October 11, 2001 judgment was not a final, appealable order. Specifically, we found that:
 {¶ 9} "In this case, the trial court judge modified portions of the magistrate's decision but entered no further orders other than to overrule objections and affirm, as modified, the magistrate's decision. Such an entry does not settle all the issues between the parties and consequently, does not constitute a final order capable of review by this court." Biddulph v. DeLorenzo, Cuyahoga App. No. 80474, 2002-Ohio-2966, at ¶ 9.
 {¶ 10} Following the dismissal of the appeal, the probate court held another hearing. It subsequently filed three judgment entries on December 9, 2002. The court also filed an amended judgment entry on January 3, 2003.
 {¶ 11} The first of the December 9 entries provides a detailed explanation of the portions of the magistrate's findings and conclusions adopted by the court, and the findings modified by the court. The probate court then ordered that separate judgment entries be entered on each of the counterclaims and on the amended complaint, and on the various motions that the magistrate had ruled upon.
 {¶ 12} Two additional judgments were entered on December 9, 2002, one dismissing BRP's counterclaims and the other disposing of the various motions. A further "amended" judgment entry was entered on January 3, 2003 on the amended complaint. In that entry, the court ordered in pertinent part as follows:
 {¶ 13} "Therefore, it is ORDERED that the real estate is not subject to a constructive trust and the sale of the property should not be set aside.
 {¶ 14} "It is further ORDERED that within 30 days of this entry Bonita DeLorenzo shall reimburse the trust in the amount of $28,513.73, plus an additional amount equal to one-half of the legal fees paid by the trust after January 1, 2001.
 {¶ 15} "It is further ORDERED that the trustee disclose to the Court and all counsel of record the amount of attorney fees paid through December 31, 2002.
 {¶ 16} * * *
 {¶ 17} "It is further ORDERED that the Clerk of the Court shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B)."
 LAW AND ANALYSIS {¶ 18} An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met. Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus. Under Civ.R. 54(B), "[i]n the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties * * *."
 {¶ 19} The probate court here has not adjudicated all the claims of all the parties. First, the court has not disposed of Bonita DeLorenzo's counterclaim. Although the first entry filed on December 9, 2002 ordered the filing of a judgment entry disposing of the counterclaim, no such judgment entry was ever filed. In addition, the probate court has not addressed John Biddulph's other claims for damages. The court did not determine that there was no just reason for delay. Therefore, the court order is not final and appealable.
Appeal dismissed.
This cause is dismissed.
It is, therefore, considered that said appellee recover of said appellant their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J. and DIANE KARPINSKI, J., concur.