DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Federal Insurance Co. ("Federal"), appeals from the decision of the Summit County Court of Common Pleas, which granted the motions for partial summary judgment of the appellee, Lorrie Lyall ("Lyall"). We dismiss the appeal for lack of jurisdiction.
 I. {¶ 2} On January 10, 2001, Lyall was involved in an automobile accident in Norton, Ohio, caused by the negligence of Thomas Gerber. On September 4, 2001, Lyall filed a complaint against Gerber, Allstate Insurance Company, American Community Mutual Insurance Company, and Federal, seeking damages and declaratory judgments that she was an insured under various insurance policies and that she was entitled to uninsured/underinsured motorist ("UM/UIM") coverage. Lyall ultimately dismissed her claim against American Community Mutual Insurance Company without prejudice, and she settled and dismissed her claim against Gerber with prejudice.
 {¶ 3} On February 8, 2002, Lyall filed three motions for partial summary judgment against Federal with regard to three insurance policies Federal had issued to Lyall's employer, Centerprise Advisors, Inc. The three policies included a business automobile insurance policy, a commercial umbrella insurance policy, and a general liability insurance policy. On March 8, 2002, Federal filed its response to Lyall's motions and a cross motion for summary judgment.
 {¶ 4} On April 25, 2002, the trial court granted Lyall's motions. The court specifically found that Lyall is entitled to UIM coverage, by operation of law, under Federal's Business Automobile Liability Policy, the General Liability Coverage and Stop-Gap Liability Coverage of the General Liability Policy, and the Umbrella Liability Policy. This appeal followed.
 II. {¶ 5} Before reaching the merits of this appeal, we must first determine whether this Court has jurisdiction. Section 3(B)(2), ArticleIV of the Ohio Constitution limits this Court's appellate jurisdiction to the review of final judgments of lower courts. If an order is not final and appealable, an appellate court lacks jurisdiction to review the matter and must dismiss the appeal. Davison v. Rini (1996),115 Ohio App.3d 688, 692. If the parties do not raise the jurisdictional issue, the appellate court is required to raise it sua sponte. Id.
 {¶ 6} For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88. When an action involves multiple claims or parties, "the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Civ.R. 54(B). When the court does not make an express determination that there is no just reason for delay, the judgment entered as to fewer than all of the claims or the rights and liabilities of fewer than all the parties is not final as to any of the claims or parties, until the court enters a judgment adjudicating all of the claims and the rights and liabilities of all of the parties. Id.
 {¶ 7} The trial court's April 25, 2002 entry, which granted Lyall summary judgment on her claims against Federal, states, "This is a final order to Defendant Federal Insurance Company." On May 17, 2002, the trial court journalized a nunc pro tunc entry, correcting the April 25 judgment by striking the previously-quoted sentence and replacing it with "This is not a final order." The order granting judgment does not dispose of all of the claims, and neither that order nor the nunc pro tunc entry contains Civ.R. 54(B) language that there is no just reason for delay. Thus, the judgment entry is not, standing alone, final and appealable. However, it is final and appealable if and when the trial court subsequently enters a judgment adjudicating the remainder of the claims and the rights and liabilities of all of the parties. Therefore, this Court must review the filings and orders entered after the April 25, 2002 judgment entry.
 {¶ 8} After the trial court granted judgment on the claims against Federal, Allstate filed a motion for summary judgment on Lyall's claims for declaratory judgment that she was an insured under various policies Allstate had issued to Lyall and to Lyall's mother, Martha Lyall. Lyall filed a brief in opposition to Allstate's motion. The judgment entry journalizing the trial court's decision on Allstate's motion for summary judgment states, in its entirety:
"This matter came before the court on a motion for summary judgment filed by defendant, Allstate Insurance Company; a response brief filed by the plaintiff; and a reply to the plaintiff's response brief filed by defendant, Allstate Insurance Company.
"Upon review of the motion, the court finds in favor of the plaintiff on the issues addressed in said motion. This is a final appealable order, as there is no just reason for delay.
"IT IS SO ORDERED."
 {¶ 9} Essentially, the trial court denied Allstate's motion for summary judgment. Generally, a denial of a motion for summary judgment is an interlocutory order that is not immediately final and appealable.Thrash v. Motorists Mut. Ins. Co., 2d Dist. No. 19504, 2003-Ohio-1765, ¶ 24. See, also, Stevens v. Ackman (2001), 91 Ohio St.3d 182, 186. Although we note that Lyall had not filed a motion for summary judgment on her claims against Allstate, in the event that the trial court intended to enter judgment in her favor, the judgment entry does not expressly declare the rights and duties of the parties, as is necessary when the trial court enters judgment in a declaratory judgment action. See Haberley v. Nationwide Mut. Fire Ins. Co. (2001), 142 Ohio App.3d 212,313-14 (noting that "a trial court fails to fulfill its function in a declaratory judgment action by granting summary judgment without expressly declaring the parties' respective rights and obligations"); see, also, Hall v. Strzelecki, 8th Dist. No. 80097, 2002-Ohio-2258, ¶ 6. Moreover, the judgment entry does not contain a statement of relief; it merely states that the trial court finds in favor of the plaintiff on the issues addressed in the motion. See Harkai v. ScherbaIndustries, Inc. (2000), 136 Ohio App.3d 211, 215 ("One fundamental principle in the interpretation of judgments is that, to terminate the matter, the order must contain a statement of the relief that is being afforded the parties.").
 {¶ 10} The denial of Allstate's motion did not dispose of any claims and therefore cannot render the previous judgment entry, from which Federal appeals, final and appealable. The record does not contain any further judgment entries regarding Lyall's claims against Allstate. Accordingly, the actions for declaratory judgment concerning the Allstate policies are not resolved and remain pending before the trial court. Consequently, this Court lacks jurisdiction over this appeal.
 III. {¶ 11} As Federal has failed to appeal from a final, appealable order, the appeal is dismissed for lack of jurisdiction. This dismissal does not prejudice any future right that the parties have to appeal from a final, appealable order that the trial court enters.
Appeal dismissed.
WILLIAM R. BAIRD, CARR, J., BATCHELDER, J. CONCUR