OPINION
{¶ 1} Appellants appeal the March 24, 2004, decision of the Tuscarawas County Common Pleas Court dismissing their appeal of the final decision of the Village of Strasburg regarding a special assessment.
 {¶ 2} Appellee is the Village of Strasburg.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} Appellants Joy and Charles Grossenbacher and Robert and Shirley Kelly are residents and property owners of the Village of Strasburg, Ohio. Such properties are the subject of special assessment by the village council to construct curbs and gutters and assess the costs to the adjacent property owners.
{¶ 4} Appellants objected to the assessment procedure claiming that the village should have appointed an assessment equalization board.
{¶ 5} Finding that such a board was not required, the Village Council adopted Ordinance O-05-2003 on April 1, 2003, and on April 11, 2003, issued a notice of special assessment to Appellants in the amount of $1,155.00.
{¶ 6} On April 30, 2003, Appellants filed an action in the Tuscarawas County Common Pleas Court challenging the imposed assessment and claiming a right to a Notice of Appeal from the Village Council's actions. Appellants also included claims for violations of their civil rights of due process. Additionally, Appellants filed a Complaint for an Injunction, which was set for hearing for Sept. 28, 2004.
{¶ 7} On May 27, 2003, Appellee filed a 12(B)(6) Motion to Dismiss the Notice of Appeal arguing that the proceedings in question were not governed by Chapter 2506 of the Revised Code.
{¶ 8} On June 13, 2003, the trial court held a hearing on the Motion to Dismiss. The hearing consisted of arguments of counsel with no evidence introduced.
{¶ 9} On March 24, 2004, the trial court issued a Judgment Entry granting Appellee's Motion to Dismiss the Notice of Appeal. The remainder of the cause of action was set for trial on September 24, 2004.
{¶ 10} It is from the March 24, 2004, Judgment Entry that Appellants now appeal, assigning the following error for review:
 ASSIGNMENT OF ERROR
{¶ 11} "The trial court erred in dismissing the appeal which states a valid claim under R.C. 2506.01."
 I.
{¶ 12} In their sole assignment of error, Appellants argue that the trial court erred in dismissing their appeal. We disagree.
{¶ 13} Appellees have challenged whether the judgment entry which is the subject of this appeal presents a final appealable order.
{¶ 14} A court of appeals only has jurisdiction to review final appealable orders. Chef Italiano Corp. v. Kent State Univ.
(1989), 44 Ohio St.3d 86, 87, 541 N.E.2d 64. An order that leaves one or more parties or claims pending before the trial court may be final and appealable if it satisfies the requirements of R.C. § 2505.02(B) and Civ.R. 54(B). Wisintainer v. Elcen Power StrutCo. (1993), 67 Ohio St.3d 352, 354, 617 N.E.2d 1136.
{¶ 15} R.C. § 2505.02(B) sets forth five types of final appealable orders:
{¶ 16} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
{¶ 17} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
{¶ 18} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
{¶ 19} "(3) An order that vacates or sets aside a judgment or grants a new trial;
{¶ 20} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
{¶ 21} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
{¶ 22} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
{¶ 23} "(5) An order that determines that an action may or may not be maintained as a class action."
{¶ 24} For R.C. § 2505.02(B)(1) to apply, the judgment entry must affect a substantial right, determine the action, and prevent further judgment. Such is not the case here.
{¶ 25} It is apparent that the April 12, 2004, judgment entry does not vacate a judgment, grant a provisional remedy, or deal with a class action. Thus, R.C. § 2505.02(B)(3)-(5) do not apply.
{¶ 26} For R.C. § 2505.02(B)(2) to apply, the order under review must be made in a special proceeding. R.C. § 2505.02(A)(2) defines "special proceeding" as: "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity."
{¶ 27} Appellee acknowledges that an appeal from an action by Village Council is a special proceeding. However, Appellee argues that no substantial rights of the parties have been affected in this case at this time.
{¶ 28} Upon review, we find that the judgment entry in the case sub judice leaves significant issues unresolved. We therefore determine that this appeal does not present a final, appealable order.
{¶ 29} Appellants' sole Assignment of Error is therefore found premature, as we do not find the existence of a final appealable order under the circumstances of the case sub judice.
{¶ 30} For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby dismissed.
Boggins, J., Wise, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal from the judgment of the Tuscarawas County Common Pleas Court, Tuscarawas County, Ohio is dismissed. Costs assessed to Appellant.