OPINION *Page 2 
{¶ 1} The defendant-appellant, James Sack, appeals the judgment of the Defiance County Common Pleas Court granting summary judgment to the plaintiff-appellee, Westfield Insurance Co. ("Westfield Insurance"). On appeal, Sack contends that Westfield Insurance had a duty to defend him in an underlying tort action, as that lawsuit was the result of an "occurrence." For the reasons expressed herein, we dismiss the appeal for lack of a final appealable order.
 {¶ 2} On February 4, 2004, Robert and Kathleen Murray filed a complaint against Sack in Defiance County Common Pleas Court case number 04-CV-36569. The complaint alleged that Sack and the Murrays own adjacent parcels of land. In 2002 or 2003, Sack hired a third party, who was named as Defendant John Doe, to create a waterway on the Murrays' property and cut down their trees. The Murrays alleged that Sack took such action after having been told to stay off their property. The complaint asserted one claim for trespass, one claim for damages, which resulted from the trespass, and one claim for treble damages pursuant to R.C. 901.51. The Murrays asked the court for a permanent injunction against Sack, damages in the amount of $105,000, court costs, and $50,000 in punitive damages. *Page 3 
 {¶ 3} Sack claimed that the Murrays' complaint was based on work he did in July 2000. He therefore notified Westfield Insurance of the litigation and requested that Westfield Insurance cover the claims and provide his defense under a commercial general liability policy, number CWP 3-915-317. The policy had been issued by Westfield Insurance and was effective until cancelled on January 1, 2001. Westfield Insurance denied coverage, but provided counsel for Sack's defense while reserving the right to challenge its duty to defend.
 {¶ 4} On June 7, 2004, Westfield Insurance filed a complaint in Defiance County Common Pleas Court case number 04-CV-36737 seeking a declaration that it had no duty to defend Sack under the CGL policy because there had not been an "occurrence" as defined by the policy. On July 9, 2004, Sack filed an answer and a counterclaim. Sack's counterclaim sought a declaration that he was entitled to a complete defense and coverage under the CGL policy and also alleged one claim for breach of contract and one claim for bad faith. Sack also requested an injunction to prevent Westfield Insurance from refusing to defend him in the litigation filed by the Murrays. Westfield Insurance timely answered the counterclaim.
 {¶ 5} On September 27, 2004, Westfield Insurance filed a motion requesting summary judgment that it was not required to provide coverage or a defense for Sack in the Murray litigation. Sack filed a response and a cross-motion *Page 4 
for summary judgment, requesting judgment that he was entitled to coverage and a full defense under the CGL policy. Westfield Insurance filed a reply in support of its motion and a memorandum in opposition to Sack's motion, which prompted Sack to file a reply in support of his motion. Thereafter, the court granted leave for Westfield Insurance to file a surreply, to which Sack filed a response.
 {¶ 6} On October 6, 2005, Westfield Insurance filed a motion to file an amended complaint, which the trial court granted. Westfield Insurance's motion was based on the amended complaint filed by the Murrays, who added a claim alleging that Sack had completed the work on their property in an unworkmanlike manner, in the underlying lawsuit. Westfield Insurance thereafter filed its amended complaint seeking a declaration that it was not required to provide coverage or a defense to Sack even on the new claim in the Murrays' amended complaint. Sack filed an answer to the amended complaint.
 {¶ 7} On July 11, 2006, Westfield Insurance filed a motion requesting leave to file a second amended complaint, which the trial court granted. The second amended complaint named an additional plaintiff, Westfield National Insurance Company ("Westfield National"), and requested a declaration that Westfield National was not required to provide coverage or a defense to Sack in the Murray litigation under a homeowner's policy, number OFH 2802160, which *Page 5 
Westfield National had issued to the defendant. The homeowner's policy was also effective until cancelled on January 1, 2001. On August 28, 2006, Westfield National filed a motion for summary judgment. In its motion, Westfield National asked the court for summary judgment declaring that it was not contractually obligated to provide coverage or a defense to Sack under the homeowner's policy, if the court determined that Sack's actions were non-commercial.
 {¶ 8} On September 7, 2006, the trial court filed a judgment entry granting partial summary judgment to Westfield Insurance. The trial court summarily determined that Westfield Insurance was entitled to judgment on Sack's counterclaim for bad faith and dismissed that claim. The court noted that the remaining portions of Westfield Insurance's motion for summary judgment had been taken under advisement and granted Sack additional time to respond to Westfield National's motion for summary judgment.
 {¶ 9} On September 29, 2006, Sack filed a response to Westfield National's motion for summary judgment, claiming he was legally entitled to coverage and a defense under the homeowner's policy. Westfield Insurance and Westfield National filed a joint reply thereto.
 {¶ 10} On February 15, 2007, the trial court filed its judgment entry. The court found "Plaintiff Westfield Insurance Company's" motion for summary judgment well-taken and granted it. The court determined that the undisputed *Page 6 
facts demonstrated that Sack's actions had been intentional and not accidental. Therefore, the court found that Sack's actions did not constitute an "occurrence" under the "policies" and stated that it therefore did not need to consider any of the exclusionary language at issue. The court concluded, "final judgment is hereby rendered in favor of the Plaintiff, Westfield Insurance Company, and declaratory judgment is rendered that there is no coverage under the policies issued by Plaintiff to Defendant James Sack for the claims asserted by him in the underlying litigation on behalf of Murray." Sack appeals the trial court's judgment, asserting one assignment of error for our review.
 Assignment of Error The trial court erred by granting Plaintiff/Appellee WestfieldInsurance Company's motion for summary judgment.
 {¶ 11} Appellate jurisdiction is limited to review of lower courts' final judgments. Section 3(B)(2), Article IV of the Ohio Constitution. To be a final, appealable order, a judgment entry must meet the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88,541 N.E.2d 64. R.C. 2505.02(B)(1) provides that a final appealable order is "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." Civ.R. 54(B) states:
 When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims *Page 7 or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all parties.
 {¶ 12} In this case, the trial court did not rule upon Westfield National's motion for summary judgment. Instead, the court granted judgment specifically in favor of Westfield Insurance Company. Therefore, Westfield National remains in this case as a plaintiff seeking declaratory judgment on the homeowner's policy it issued to Sack. Since the trial court's judgment entry of February 15, 2007 did not contain a Civ.R. 54(B) certification, we do not have jurisdiction over this appeal.
 {¶ 13} We also note that the trial court did not explicitly resolve Sack's counterclaim against Westfield Insurance for breach of contract based on the insurer's failure to investigate prior to denying coverage. Generally, breach of contract claims and bad faith claims are independent of each other, even if they are based on the same alleged conduct of the insurer (i.e., the insurer's duty to investigate). SeeBullet Trucking, Inc. v. Glen Falls Ins. Co. (1992), 84 Ohio App.3d 327,334, 616 N.E.2d 1123. In Bullet Trucking, the court addressed whether a bad faith claim could survive the dismissal of a breach of contract claim. In this case, the breach of contract claim was left standing after the bad faith claim was dismissed. We note the opinion of the Tenth Appellate District, *Page 8 
providing that both a bad faith claim and a breach of contract claim will fail if the insurer is not obligated to provide coverage under the policy. Pasco v. State Auto Mut. Ins. Co. (Dec. 21, 1999), 10th Dist. 99AP-430. However, in this case, the breach of contract counterclaim asserted by Sack is still pending. Since this appeal must be remanded to the trial court for resolution of Westfield National's summary judgment motion, we also remand the issue of breach of contract for the trial court to clarify its judgment entry.
 {¶ 14} For the reasons set forth above, the appeal is dismissed, and this matter is remanded to the trial court for further proceedings.
Appeal dismissed.
 ROGERS, P.J., and SHAW, J., concur. *Page 1